Case number:
08C 0023

RECEIVED
JAN 22 2008
Jan 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

To: Clerk of the U.S. district Court; Judge Andersen
219 South dearborn Street
Chicago, IL, 60604

From: Robert Miller-#A-50043
Case No.: 08C 0023
P.O. Box 900
Taylorville, IL 62568

To whom it may concern;
Dear Sir, on 12-27-07, I filed with this Court a Petition for writ of Habeas Corpus. I had the copies done here at the prison library, I have just come to realize there was some pages of the petition that should have been copied back and front, those pages are #6, where I'm making an actual innocent claim, the letter I wrote to the public defender who handled my case, marked ex. "J". The public defenders response to my letter marked ex. "K". I am including the completed copies, (front and back) of the 3 pages to be filed with my habeas Corpus petition, case number 08C 0023. I would like to be notified that these additional pages has been filed with my habeas Corpus petition. Thank you.

Robert Miller #A-50043

(C) Ground three <u>Defendants Sixth amendment, for effective Cross-</u>
Supporting facts:
<u>examination was violated when his trial Counseler failed to</u>
<u>Cross-examine a state witness; a police Officer.</u>

<u>Trial Counsel held an "Evidence Technician Report" which stated, "No</u>
<u>tool marks found at point of entry." During defendants trial, Officer</u>
<u>Firth testified for the state. It was elicited by the prosecutor that he</u>
<u>saw pry marks on the window frame; namely the same window that</u>
<u>evidence technician, Roe, processed at the crime scene. Here,</u>
<u>defense Counsel held evidence which showed Officer Firth</u>
<u>(Continued on page "j")</u>

(D) Ground four <u>Petitioners sixth amendment right to effective</u>
Supporting facts:
<u>assistance of Counsel was violated when his trial Counsel failed</u>
<u>to investigate, and call, an eyewitness who's testimony would have</u>
<u>been Crucial in proving the defendants innocence.</u>

<u>Defense Counsel was ineffective for failing to investigate and call two</u>
<u>exculpatory witnesses by the name of "Gupta" and Thompson, who</u>
<u>according to the Police Report, saw a man fitting the Alexanders</u>
<u>discription, fleeing the area of the burglary, bleeding from the head,</u>
<u>and since Miller had no head wound. (Continued on page "K")</u>

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

  YES ( )   NO (X)

3. If you answered "NO" to question (2), state <u>briefly</u> what grounds were not so presented and why not:

<u>Grounds, 1, 3, 5, tru, 21 was not raised due to the ineffective assistance of</u>
<u>trial and appellate Counsel. However, a fundamental miscarriage of</u>

Continued on reverse side of <u>this</u> page         over →

6

Revised: 7/20/05

justice has resulted in the petitioner being unjustly incarcerated. Moreover, the grounds raised in this petition clearly demonstrates that many Constitutional Violations resulted in the Conviction of an innocent person, the petitioner.

on
6-29-03

Exhibit "J"

Case # 08C 0023

6-29-03

To: Robert Goodman
Cook County Public Defender
5600 Old Orchard Road
Skokie, IL. 60077

From: Robert Miller - A-500#
Western IL. Corr. Center
P.O. Box 1000
Mt. Sterling, IL. 62353
Regarding Case # 00C 220057

Dear Mr. Goodman,

I am in the process of my appeal, and if the need should arise I will be seeking "Post-Conviction Relief," however there are some documents I will need from you to proceed.
The documents are:

(1). An affidavit stating the reason why you faild to call my alibi witn(ess) (Velma Thomas) to corroborate my alibi dispite the fact, she being in court to do so. Instead you relied on the testimony of detective Mitchem; to testify to what Velma told him during his investig(a)tion, which was hearsay and inadmisable. Feel free to explaine that in the affidavit if you wish to do so.

(2). Why you advised me to stay with a judge (Judge Orr), who was fully aware of my criminal background, but whats more impactan(t) a judge who's parole I was on for the same charge as the one at trial.

(3). Why police reports such as: Arrest reports, Evidence Technician reports, Dispatch reports, The report about the bleeding from the hea(d) etc. all contradicting the eyewitnesses testimony and the states case were not used in my defense, and whats more important; why you never told me about those reports or showed them to m(e)

Over →

Also, as a general rule, a criminal defendant has never been afforded an opportunity to review all the material obtained through the discovery process, which is obvious the situation in my case. Therefore I would be asking at this time for all police reports,
2. indictment/or information.
3. The docket entry sheet.
4. Grand jury transcripts.
5. A copy of the transcript were Officer Firth came into court and testified that page 2 of his report was page 1, and it should be noted this was done while I was not present in the court roo and it was also done with a subsitute judge who had no idea we had been waiting for three months for the state to find page 1 of said report.

Respectfully,
Robert Miller

Robert Goodman
Case # 08C 0023

# Law Office of the
## COOK COUNTY PUBLIC DEFENDER
5600 OLD ORCHARD ROAD • DISTRICT 2 • SKOKIE, IL 60077 • (847) 470-7400 TEL • (847) 470-7523 FAX

Edwin A. Burnette • Public Defender

7/10/03

Robert Miller,

I just received your letter today regarding affidavits and other materials you want from me to help in your appeal. Unfortunately, when you filed a Motion For New Trial (after we lost the trial), you made certain allegations against me, including incompetence of counsel. Another attorney was appointed for you to look into those allegations. At that point, you and I were in legal conflict with each other.

I do not believe at this time it would be appropriate for me to provide any materials you request because our legal

conflict continues.* You should work with your <u>appellate attorney</u> to get the material you need.

I am sorry we lost the trial, and believe you should do all you can to reverse that decision. ~~—~~ However, I cannot be part of it for the reasons I have stated.

Sincerely,

Robert ~~Pedman~~
Assistant Public Defender

\* ~~■~~ In effect, you are once again making allegations against me — wanting me to explain why I made the trial decisions I did. The implications are that I made the wrong decisions.