IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ROBERT MILLER, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | No. 08 C 0023 |
| GREGORY SIMS, Warden, | ) ) ) | The Honorable Wayne R. Andersen, |
| Respondent. | ) | Judge Presiding. |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and this Court's order of February 12, 2008, respondent GREGORY SIMS, Warden of the Taylorville Correctional Center, files this Answer to petitioner's Petition for Writ of Habeas Corpus filed in the above-captioned cause, and states as follows:

1.      Petitioner Robert Miller is in the custody of Gregory Sims, warden of Taylorville Correctional Center, in Taylorville, Illinois, and is identified as prisoner number A50043.

2.      Following a 2002 bench trial in the Circuit Court of Cook County, petitioner was sentenced to 18 years in prison for residential burglary and possession of burglary tools. (Resp. Exh. D, Rule 23 order in *People v. Miller*, No. 1-02-0504 (Ill. App. 2005)).

3.  Petitioner appealed, arguing: (1) the State failed to prove petitioner guilty beyond a reasonable doubt; (2) trial counsel was ineffective for failing to move to suppress identification evidence; (3) the mandatory sentencing provision of 730 ILCS 5/5-5-3(c)(8) violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because petitioner was not notified in his indictment that his prior convictions would be used against him, and the provision subjects petitioner to increased punishment without his prior conviction being proven to a jury beyond a reasonable doubt; (4) the trial court failed to admonish petitioner of his right to file a written motion to reconsider sentence, and that such a motion was necessary to preserve issues for appellate review; and (5) petitioner is entitled to 503, rather than 502, days of credit against his sentence. (Resp. Exh. A; Brief and argument for defendant-appellant in *People v. Miller*, No. 1-02-0504). On December 8, 2003, the appellate court affirmed, holding: (1) the witnesses' identification of petitioner was reliable and petitioner was proved guilty beyond a reasonable doubt; (2) a motion to suppress the identification evidence would have been denied, and thus counsel was not ineffective for failing to file such a motion; (3) the mandatory Class X sentencing scheme does not violate *Apprendi*; (4) petitioner's mittimus should be corrected to reflect one extra day of credit for time served; and (5) because the court considered petitioner's sentencing related claims, there was no reason to remand for an admonishment regarding the need to file a motion to reconsider sentence. (Resp. Exh. D).

4.      On April 12, 2004, petitioner filed a Petition for Leave to Appeal (PLA) in the Illinois Supreme Court, arguing: (1) petitioner was not properly admonished regarding his right to file a motion to reconsider sentence, and that any sentencing issue not included in that motion would be deemed forfeited on appeal; and (2) trial counsel was ineffective for failing to move to suppress the identification evidence against petitioner. (Resp. Exh. E, PLA in *People v. Miller*, No. 98200). On May 26, 2004, the Illinois Supreme Court denied the PLA. (Resp. Exh. F, Order denying PLA in *People v. Miller*, No. 98200, 813 N.E.2d 226 (Table) (Ill. 2004)). Respondent has confirmed that petitioner did not file a petition for a writ of certiorari from the Supreme Court of the United States.

5.      On October 25, 2004, petitioner filed a pro se petition for postconviction relief in the Circuit Court of Cook County pursuant to 725 ILCS 5/122-1, *et seq*, generally claiming the ineffective assistance of counsel. (Resp. Exh. G, Order dismissing petition for post-conviction relief in *People v. Miller*, No. 00-C-220576 (Cook Cty. Cir. Ct. Jan. 24, 2005)).[1] On January 24, 2005, the Circuit Court of Cook County dismissed the petition, holding:

> "Petitioner completely rehashes his bench trial. He seeks to relitigate each and every fact that the State sought to introduce at trial. Nothing new is raised in the Petition. The evidence against [petitioner] is overwhelming. The Petition for Post-Conviction Relief completely fails to state a claim and is patently without merit.

(Resp. Exh. G).

---

[1] The actual petition is 77 pages long. Upon this Court's request, respondent will provide a copy of it, but it is not necessary for resolution of the instant response.

6.      Petitioner appealed, arguing: (1) trial and post-trial counsel were ineffective for failing to call an alibi witness on petitioner's behalf; (2) trial and post-trial counsel were ineffective for failing to investigate two exculpatory witnesses; and (3) appellate counsel was ineffective for failing to raise issue (2) on direct appeal. (Resp. Exh. H, Brief and argument for petitioner-appellant in *People v. Miller*, No. 1-05-0585). On August 6, 2007, the appellate court affirmed the dismissal, holding: (1) petitioner failed to submit affidavits, records, or other evidence that provide independent authentification of his first two claims, as required by 725 ILCS 5/122-2; and (2) appellate counsel was not ineffective for failing to raise petitioner's second claim on direct appeal because the claim has no merit – trial counsel's failure to investigate the alleged exculpatory witnesses did not prejudice petitioner. (Resp. Exh. K, Rule 23 order in *People v. Miller*, No. 1-05-0585 (Ill. App. Aug. 6, 2007)).

7.      On August 20, 2007, petitioner filed a PLA in the Illinois Supreme Court, arguing by incorporation the claims raised on postconviction appeal. (Resp. Exh. L, PLA in *People v. Miller*, No. 105194). On November 29, 2007, the Illinois Supreme Court denied petitioner's PLA. (Resp. Exh. M, Order denying PLA in *People v. Miller*, No. 105194, 879 N.E.2d 936 (Table) (Ill. 2007)).

8.      On December 27, 2007, petitioner signed the instant habeas petition, in which he argues: (1) the postconviction court improperly summarily dismissed his postconviction claim by focusing on the evidence against him, rather than

whether he stated the gist of a constitutional claim; (2) trial counsel was ineffective for failing to call an alibi witness; (3) trial counsel was ineffective for failing to cross-examine a State witness; (4) trial counsel was ineffective for failing to investigate exculpatory witnesses; (5) trial counsel was ineffective for calling a detective to testify regarding an alibi witness, rather than the witness herself;[2] (6) trial counsel was ineffective for eliciting testimony damaging to defendant; (7) trial counsel was ineffective for failing to impeach a State witness with a prior, inconsistent statement; (8) trial counsel was ineffective for failing to subpoena exculpatory witnesses;[3] (9) trial counsel was ineffective for stipulating to a witness's identification of petitioner; (10) trial counsel was ineffective for stipulating to a prior conviction petitioner did not have; (11) trial counsel was ineffective for failing to argue that police fabricated evidence against petitioner; (12) trial counsel was ineffective for failing to argue that the police lacked probable cause to arrest petitioner; (13) trial counsel was ineffective for failing to investigate fingerprints and DNA from physical evidence; (14) trial counsel was ineffective for allowing petitioner to agree to a bench trial; (15) appellate counsel was ineffective for failing to obtain a complete transcript of petitioner's trial; (16) appellate counsel was

---

[2] This claim is essentially the same as petitioner's second claim, and will be addressed in conjunction with that claim. It is listed separately here to maintain consistency between respondent's discussion of petitioner's claims and his numbering of those claims in the instant petition.

[3] Again, the exculpatory witnesses at issue in this claim are the same as those discussed in petitioner's fourth claim, and the claims will addressed together in this response.

ineffective for failing to raise the ineffective assistance of trial counsel claims raised in the instant petition; (17) the trial court erred in not admitting relevant evidence in the form of a 9-1-1 dispatch report; (18) the trial court improperly prohibited petitioner from fully cross-examining a State's witness; (19) the trial court "manufactured evidence directed at finding [petitioner] guilty;" (20) petitioner was denied his right to be present at all critical stages of his proceeding because he was not in the courtroom when his counsel stipulated that a missing page of a police report did not exist; and (21) trial counsel was ineffective for stipulating that the missing page of the police report did not exist.

9. In compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent is manually filing Exhibits A-Q with the Clerk of this Court:

> **Exhibit A:** Brief and argument for defendant-appellant in *People v. Miller*, No. 1-02-0504;
>
> **Exhibit B:** Brief and argument for plaintiff-appellee in *People v. Miller*, No. 1-02-0504;
>
> **Exhibit C:** Reply brief and argument for defendant-appellant in *People v. Miller*, No. 1-02-0504;
>
> **Exhibit D:** Rule 23 order in *People v. Miller*, No. 1-02-0504 (Ill. App. Dec. 8, 2003);
>
> **Exhibit E:** PLA in *People v. Miller*, No. 98200;
>
> **Exhibit F:** Order denying PLA in *People v. Miller*, No. 98200, 813 N.E.2d 226 (Table) (Ill. 2004);

**Exhibit G:**   Order dismissing petition for post-conviction relief in *People v. Miller*, No. 00 C 220576 (Cook Cty. Cir. Ct. Jan. 24, 2005);

**Exhibit H:**   Brief and argument for petitioner-appellant in *People v. Miller*, No. 1-05-0585;

**Exhibit I:**   Brief and argument for plaintiff-appellee in *People v. Miller*, No. 1-05-0585;

**Exhibit J:**   Reply brief and argument for petitioner-appellant in *People v. Miller*, No. 1-05-0585;

**Exhibit K:**   Rule 23 order in *People v. Miller*, No. 1-05-0585 (Ill. App. Aug. 6, 2007);

**Exhibit L:**   PLA in *People v. Miller*, No. 105194; and

**Exhibit M:**   Order denying PLA in *People v. Miller*, No. 105194, 879 N.E.2d 936 (Table) (Ill. 2007).

In addition to the documents filed in this response, there are five volumes containing the state common law record and report of proceedings, which are held by the Circuit Court of Cook County, Skokie Division.  The entire state court record is not filed with this answer because the issues raised can be disposed of based upon the filed pleadings.  *See Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004) (decision of whether transcripts are necessary left to sound discretion of the district court; review of state court transcripts quite rare); *Kines v. Godinez* 7 F.3d 674, 677 (7th Cir. 1993) (where federal habeas petitioner does not "identify any inaccuracies or incompleteness" in the appellate court factual summaries, a federal habeas court may exclusively rely on those factual summaries in adjudicating the claims contained in the habeas petition).

10.As more fully set forth below, respondent denies that petitioner is entitled to relief.

## ARGUMENT IN OPPOSITION TO PETITION

### Application of the AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to petitioner's habeas corpus petition, which is deemed filed on December 27, 2007. *Benefiel v. Davis*, 357 F.3d 655, 659 (7th Cir. 2004); *Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999) (holding that the "mailbox rule" applies to prisoners filing pro se habeas petitions).

### Exhaustion of State Court Remedies

A habeas petitioner must meet several distinct procedural requirements before seeking federal habeas review. First, the petitioner must satisfy the exhaustion requirement. Before a federal court can entertain a petition for a writ of habeas corpus, a state prisoner must exhaust his available state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A federal habeas petition "should be dismissed if the prisoner has not exhausted available state court remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The principle of comity is the guiding doctrine behind the exhaustion rule, inasmuch as "the States should have the first opportunity to address and correct alleged violations of a state prisoner's federal rights." *Coleman*, 501 U.S. at 731. Petitioner

has exhausted his available state court remedies on the claims he raises in the instant petition. *See* 725 ILCS 5/122-1(c).

## Procedural Default

Before a federal court can consider a claim of a state inmate, the state courts must have had a full and fair opportunity to consider constitutional objections to the inmate's imprisonment. *Farrell v. Lane*, 939 F.3d 409, 410 (7th Cir. 1991); *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131-32 (7th Cir. 1990). Thus, before considering the merits of a habeas petition, a district court must determine whether the petitioner fairly presented all his claims during the course of the state court proceedings. *Farrell*, 939 F.2d at 410 (citing *Henderson v. Thieret*, 859 F.2d 492, 496 (7th Cir. 1988)). This means that a habeas petitioner forfeits the right to raise an issue in his federal habeas petition if he failed to raise it, inter alia, on appeal to the state's highest court. *Boerckel*, 526 U.S. at 845; *Hadley v. Homes*, 341 F.3d 661, 664 (7th Cir. 2003) (failure to take claim through complete round of appellate process results in procedural default). Illinois treats a failure to appeal as a procedural default barring further review, and "no independent federal doctrine permits the district court to disregard a prisoner's failure to take an appeal under circumstances in which state law requires an appeal." *Jenkins v. Gramley*, 8 F.3d 505, 507 (7th Cir. 1993). Claims never raised in state court cannot be raised for the first time in a federal habeas petition. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995); *Burgin v. Broglin*, 900 F.2d 990, 996 (7th Cir. 1990).

Furthermore, a federal court may not review a question of federal law decided by a state court if the state court decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman*, 501 U.S. at 729. When a state court decides the merits and also asserts a procedural bar, the federal court must respect both rulings. *Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002). A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time — as state rules define those courts, ways, and times. *See Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002) (citing *Wainright v. Sykes*, 433 U.S. 72 (1977)). A petitioner's failure to comply with state procedural rules furnishes an independent and adequate state ground precluding federal review. *See Harris v. Reed*, 489 U.S. 255, 261 (1989). To conclude that the procedural default constitutes an independent ground for the state court's ruling, the last state court to consider the question must have actually relied on procedural default as the basis for its decision. *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000).

To excuse a procedural default, petitioner must show "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that the failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "Cause" is defined as some external objective factor that impeded compliance. *Barksdale v. Lane*, 957 F.2d 379, 382 (7th Cir. 1992) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The "fundamental miscarriage of

10

justice" pathway is limited to the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *see House v. Bell*, 547 U.S. 518, 537-38 (2006).  A petitioner who asserts actual innocence to excuse a default "must *demonstrate* innocence; the burden is his, not the state's, for the state has the benefit of the jury's verdict." *Buie v. McAdory*, 341 F.3d 623, 627 (7th Cir. 2003) (emphasis in original).

I.  **All But Two Of Petitioner's Claims Are Procedurally Defaulted Because They Were Not Presented To The State Court For A Full Round Of State Court Proceedings.**

Petitioner concedes in his petition that his claims one, three, and five through 21 were either not presented to the state courts at all, or were not presented to the state courts for one full round of review.  (Pet. at 6).  Some of these claims were included in petitioner's postconviction petition, but none of them were presented to the state appellate court or the Illinois Supreme Court on review of that proceeding.[4]  Thus, they are procedurally defaulted.  *Boerckel*, 526 U.S. at 845; *Hadley*, 341 F.3d at 664 (holding that the failure to take claim through complete round of appellate process results in procedural default); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (applying *Boerckel* to Illinois's postconviction process).

Petitioner's default is not excused under the fundamental miscarriage of justice exception because neither the evidence presented at trial, nor the evidence

---

[4] Nor were any of these claims raised at any point on direct appeal.

that petitioner now presents, shows that these errors probably resulted in the conviction of one who is actually innocent. *See Schlup*, 513 U.S. at 325-27; *Bell*, 267 F.3d at 551.

The state's evidence was strong. At about 5:30 on the evening of October 8, 2000, Jennifer and Richard Alexander noticed that something was amiss at their neighbors' house. (Resp. Exh. D at 2). The neighbors were out of town, but Mrs. Alexander saw movement at their house, and when they investigated, the Alexanders discovered an open window with a sliced screen. (*Id.*). The Alexanders began to back away from the house and announced that they were going to call the police. (*Id.*). A short, older, African-American man ran out the back door. (*Id.* at 2-3). Mrs. Alexander fell down the stairs. (*Id.* at 3). Mr. Alexander, who had been returning to his house to call the police, turned and saw the man running and his wife falling. (*Id.*). He approached the man as the man attempted to grab a bicycle leaning against the porch. (*Id.*). The bike, man, and Mr. Alexander became tangled, and Mr. Alexander ended up sitting on the ground facing the man from a distance of a few feet. (*Id.* at 3, 5). By this time, Mrs. Alexander was standing and watching events. (*Id.* at 3). The man fled on foot, and the Alexanders called the police. (*Id.*). Police communicated about the man's appearance and direction of flight, and just after Officer Lambesder realized the man was running in his direction, he saw petitioner emerge from between two buildings. (*Id.* at 4). The officer took petitioner to the Alexanders, who viewed him from a distance of about

12

60 feet, and immediately identified him as the man who ran from the house. (*Id.*). They repeated this identification at trial. (*Id.*). Mrs. Alexander said the man passed within two feet of her as he fled, and described her identification as "instant recognition." (*Id.*). Mr. Alexander said the man Officer Lambesder brought to him was "very definitely" the man who ran from the house. (*Id.* at 5). Because petitioner cannot show that the alleged errors resulted in the conviction of one who is actually innocent, this Court should not excuse petitioner's default. *See Schlup*, 513 U.S. at 325-27; *Bell*, 267 F.3d at 551

Nor can petitioner show cause and prejudice to excuse his procedural default. Petitioner points to no objective, external factor that impeded compliance with the state's procedural rules. Nor can he. The only reason petitioner failed to present his numerous defaulted claims in the state appellate and supreme court is that he chose not to do so. Therefore, he cannot show cause to excuse his procedural default. *See Barksdale*, 957 F.2d at 382. Petitioner does claim ineffective assistance of counsel based on the failure to raise these claims. However, because he has procedurally defaulted *that* claim by failing to raise it in state court, and can offer no cause for doing so, it cannot serve to excuse his other defaults. *See Edwards v.*

*Carpenter*, 529 U.S. 446, 452 (2000).[5]  Having failed to excuse his procedural default, petitioner is not entitled to substantive habeas review on this claim.

## II. Petitioner's Remaining Claims Were Dismissed On Independent And Adequate State Law Grounds.

Petitioner's remaining two claims — that his trial counsel was ineffective for failing to call an alibi witness and for failing to investigate an exculpatory witness — were raised in petitioner's postconviction petition and on appeal from the dismissal of that conviction.[6]  However, these claims were dismissed by the state appellate court on an independent and adequate State law ground, and thus may not be reviewed in a federal habeas proceeding.  *See Coleman*, 501 U.S. at 729.  Under Illinois law, a postconviction petition must be accompanied by "affidavits, records, or other evidence" supporting the allegations of the petition.  725 ILCS 5/122-2.  Where these affidavits are not submitted, the petitioner is required to provide the trial court with an explanation for their omission.  *Id.*  Failure to provide such an explanation is "fatal" and "by itself justifies the petition's summary

---

[5] Furthermore, to the extent the counsel who purportedly failed petitioner was his postconviction counsel (in the trial court or on appeal), postconviction counsel's performance can never excuse procedural default.  To excuse default, counsel's performance must have been so deficient as to violate the Federal Constitution. *Edwards*, 529 U.S. at 451.  There is no federal constitutional right to counsel in state postconviction proceedings.  *Lawrence v. Florida*, __ U.S. __, 127 S.Ct. 1079, 1085 (2007).  Therefore, postconviction counsel's performance, in the trial court or on appeal, cannot violate the Federal Constitution, and thus cannot excuse procedural default. *Gosier v. Welborn*, 175 F.3d 504, 511 (7th Cir. 1999).

[6] They were also included in petitioner's postconviction PLA, which incorporated his postconviction appellate brief in its entirety.  (Resp. Exh. L).

dismissal." *People v. Collins*, 202 Ill.2d 59, 66 (Ill. 2002).  Here, the Illinois appellate court held that petitioner "unquestionably failed to submit the proper affidavits of both his alibi witness . . . and his exculpatory witnesses." (Resp. Exh. K at 10).  It concluded, "Without the necessary supporting documentation or an explanation as to its absence, [petitioner's] petition was properly dismissed." (*Id.* at 11).

Failure to comply with 725 ILCS 5/122-2's documentation requirement constitutes an independent and adequate state law ground barring consideration of petitioner's claim on federal habeas review.  *See*, *e.g.*, *Spreitzer v. Peters*, 219 F.3d 639, 647 (7th Cir. 2000) ("Illinois courts routinely dismiss claims for post-conviction relief that lack support in the record or supporting affidavits for the proposition that the petitioner's constitutional rights have been violated."); *Novak v. Grankey*, 871 F.Supp 1053, 1056 (N.D. Ill. 1995).  Because the state appellate court in this case relied on petitioner's failure to provide independent support for his claims as the basis for upholding the summary dismissal of his postconviction petition, that failure constitutes an independent and adequate state law ground that bars review of the claims on federal habeas.  *See Harris*, 499 U.S. 261-62; *Spreitzer*, 219 F.3d at 647..  As discussed above, petitioner cannot excuse his defaults.  Thus, he should be denied habeas relief.

**CONCLUSION**

This Court should deny the instant petition for writ of habeas corpus without granting an evidentiary hearing. Should this Court find that any of petitioner's claims are not procedurally defaulted, or that the petition raises grounds not addressed by this answer, respondent requests the opportunity to address those claims in a supplemental pleading.

June 11, 2008                              Respectfully submitted,

                                           LISA MADIGAN
                                           Attorney General of Illinois

                    By:    s/ Garson Fischer
                           GARSON FISCHER, Bar # 6286165
                           Assistant Attorney General
                           100 West Randolph Street, 12th Floor
                           Chicago, Illinois 60601-3218
                           TELEPHONE: (312) 814-2566
                           FAX: (312) 814-2253
                           E-MAIL: gfischer@atg.state.il.us

## NOTICE OF ELECTRONIC FILING

     PLEASE TAKE NOTICE that on June 11, 2008, Greg Sims, through his attorney, Lisa Madigan, Attorney General of Illinois, submitted this **Answer** for electronic filing and uploading to the CM/ECF system. A copy of this document was mailed by the United States Postal Services to the following non-CM/ECF user:

Robert Miller, #A50043,
Taylorville Correctional Center,
Route 29 South
P.O. Box 900
Taylorville, Illinois, 62568.

                                   LISA MADIGAN
                                   Attorney General of Illinois

By:    /s/ Garson Fischer
          GARSON FISCHER
          Assistant Attorney General
          100 W. Randolph, 12th Floor
          Chicago, IL 60601
          (312) 814-2566
E-Mail:  gfischer@atg.state.il.us
          Atty. Reg. #6286165