File Date: _June 11, 2008_

Case No: _08cv23_

ATTACHMENT # _2_

EXHIBIT _I through J_

**TAB (DESCRIPTION)**

_____

NO. 1-05-0585

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

---

PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

vs.

ROBERT MILLER,

Defendant-Appellant.

---

Appeal from the Circuit Court of Cook County, Criminal Division.
Honorable **TIMOTHY CHAMBERS**, Judge Presiding.

BRIEF AND ARGUMENT FOR
PLAINTIFF-APPELLEE

---

RICHARD A. DEVINE,
State's Attorney,
County of Cook,
Room 309 - Richard J. Daley Center,
Chicago, Illinois 60602

Attorney for Plaintiff-Appellee

JAMES E. FITZGERALD,
MARY P. NEEDHAM,
YULIA NIKOLAEVSKAYA,
Assistant State's Attorneys,
    Of Counsel.

EXHIBIT I

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

vs.

ROBERT MILLER,

Defendant-Appellant.

## POINTS AND AUTHORITIES

### I.

**DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS PROPERLY DISMISSED WHERE DEFENDANT WAIVED CONSIDERATION OF THIS ISSUE ON APPEAL. MOREOVER, DEFENDANT FAILED TO SUPPORT HIS CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL AND POST-TRIAL COUNSEL FOR FAILURE TO CALL AN ALIBI WITNESS WITH NECESSARY AFFIDAVITS AND HIS CLAIM WAS FRIVOLOUS AND WITHOUT MERIT BECAUSE IT WAS FULLY REBUTTED BY THE RECORD**................................................................. **16**

People v. Towns, 182 Ill. 2d 491,
       696 N.E.2d 1128 (1998) ...................................... 17,20

People v. Deloney, 341 Ill. App. 3d 621,
       793 N.E.2d 189 (1st Dist, 2003)............................. 17,18

People v. Brown, 336 Ill. App. 3d 711,
       784 N.E.2d 296 (1st Dist. 2002)............................. 17

1

People v. Collins, 202 Ill. 2d 59,
    782 N.E.2d 195 (2002)............................................................... 17,20

People v. Dean, 226 Ill. App. 3d 465,
    589 N.E.2d 888 (1st Dist. 1992)................................................ 17,21

People v. Jefferson, 345 Ill. App. 3d 60,
    801 N.E.2d 552 (1st Dist. 2003)............................................... 18

Strickland v. Washington, 466 U.S. 668,
    104 S.Ct. 2052 (1984).............................................................. 18,19

People v. Smith, 195 Ill. 2d 179,
    745 N.E.2d 1194 (2000) ........................................................... 18

People v. Evans, 186 Ill. 2d 83,
    708 N.E.2d 1158 (1999) ........................................................... 18

People v. West, 187 Ill. 2d 418,
    719 N.E.2d 664 (1999)............................................................. 18

People v. Enis, 194 Ill. 2d 361,
    743 N.E.2d 1 (2000) ................................................................. 19

People v. Phyfiher, 361 Ill. App. 3d 881,
    838 N.E.2d 181 (1st Dist. 2005)............................................... 19

People v. Mahaffey, 194 Ill. 2d 154,
    742 N.E.2d 251 (2000) ............................................................. 19

People v. Griffin, 178 Ill. 2d 65,
    687 N.E.2d 820 (1997) ............................................................. 19

People v. Coleman, 183 Ill. 2d 366,
    701 N.E.2d 1063 (1998) ........................................................... 19

People v. Williams, 143 Ill. 2d 477,
    577 N.E.2d 762 (1991) ............................................................. 19

People v. Falbe, 189 Ill. 2d 635,
    727 N.E.2d 200 (2000) ............................................................. 19

People v. Barrow, 195 Ill. 2d 506,
    749 N.E.2d 892 (2001) ............................................................. 20,25

People v. Janis, 240 Ill. App. 3d 805,
  608 N.E.2d 359 (1st Dist. 1992) ........................................................ 21

People v. Prier, 245 Ill. App. 3d 1037,
  613 N.E.2d 1226 (4th Dist. 1993) ..................................................... 21

People v. Patterson, 217 Ill. 2d 407,
  841 N.E.2d 889 (2005) ........................................................ 23

People v. Ligon, 365 Ill. App. 3d 109,
  847 N.E.2d 763 (1st Dist. 2006) ........................................................ 23

People v. Jones, 211 Ill. 2d 140,
  809 N.E.2d 1233 (2004) ................................................................. 24

People v. Pendleton, __ Ill. 2d __,
  2006 Ill. LEXIS 1669 (December 21, 2006) .................................... 25

725 ILCS 5/122-2 (West 2005) ........................................................ 17

725 ILCS 5/122-2.1(c)................................................................. 18

## II.

**DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS PROPERLY DISMISSED WHERE DEFENDANT FAILED TO SUPPORT HIS CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL, POST-TRIAL AND APPELLATE COUNSEL FOR FAILURE TO INVESTIGATE TWO ALLEGED EXCULPATORY WITNESSES WITH NECESSARY AFFIDAVITS AND WHERE HIS CLAIM WAS FRIVOLOUS AND WITHOUT MERIT BECAUSE IT WAS FULLY REBUTTED BY THE RECORD** ........................................ 27

People v. Towns, 182 Ill. 2d 491,
  696 N.E.2d 1128 (1998) ........................................................ 27,28

People v. Deloney, 341 Ill. App. 3d 621,
  793 N.E.2d 189 (1st Dist, 2003)........................................................ 28

People v. Brown, 336 Ill. App. 3d 711,
  784 N.E.2d 296 (1st Dist. 2002)........................................................ 28

People v. Collins, 202 Ill. 2d 59,
    782 N.E.2d 195 (2002)......................................................... 28,31

People v. Dean, 226 Ill. App. 3d 465,
    589 N.E.2d 888 (1st Dist. 1992)......................................... 28

People v. Jefferson, 345 Ill. App. 3d 60,
    801 N.E.2d 552 (1st Dist. 2003)......................................... 28-29

Strickland v. Washington, 466 U.S. 668,
    104 S.Ct. 2052 (1984).......................................................... 29,30

People v. Smith, 195 Ill. 2d 179,
    745 N.E.2d 1194 (2000) ...................................................... 29

People v. Evans, 186 Ill. 2d 83,
    708 N.E.2d 1158 (1999) ...................................................... 29

People v. West, 187 Ill. 2d 418,
    719 N.E.2d 664 (1999) ........................................................ 29

People v. Enis, 194 Ill. 2d 361,
    743 N.E.2d 1 (2000) ............................................................ 29,35

People v. Phyfiher, 361 Ill. App. 3d 881,
    838 N.E.2d 181 (1st Dist. 2005)......................................... 30

People v. Mahaffey, 194 Ill. 2d 154,
    742 N.E.2d 251 (2000) ........................................................ 30

People v. Griffin, 178 Ill. 2d 65,
    687 N.E.2d 820 (1997) ........................................................ 30

People v. Coleman, 183 Ill. 2d 366,
    701 N.E.2d 1063 (1998) ...................................................... 30

People v. Williams, 143 Ill. 2d 477,
    577 N.E.2d 762 (1991) ........................................................ 30

People v. Falbe, 189 Ill. 2d 635,
    727 N.E.2d 200 (2000) ........................................................ 30

People v. Makiel, 358 Ill. App. 3d 102,
    830 N.E.2d 731 (1st Dist. 2005)......................................... 32,35

People v. Jones, 211 Ill. 2d 140,
    809 N.E.2d 1233 (2004) .......................................................... 34

People v. Pendleton, __ Ill. 2d __,
    2006 Ill. LEXIS 1669 (December 21, 2006) ...................................... 34

People v. Jones, 219 Ill. 2d 1,
    845 N.E.2d 598 (2006) .......................................................... 35

725 ILCS 5/122-2 (West 2005)...................................................... 28

725 ILCS 5/122-2.1(c)............................................................. 28

## STATEMENT OF FACTS

Defendant, Robert Miller, was charged by Information No. 00C2-20576, with one count of residential burglary and one count of possession of burglary tools. (C. C23-25) After a bench trial before the Honorable Marcia B. Orr, defendant was found guilty of residential burglary and possession of burglary tools, and subsequently sentenced to eighteen years in the Illinois Department of Corrections. (Supp. C2)

At trial the facts established that "[s]ometime around 5:30 p.m. on October 8, 2000, Jennifer Alexander looked over at her neighbor's back porch, on Sherman Avenue in Evanston, and thought she saw movement.[1] She knew that it could not be her neighbors as they were out of town; she and her husband were taking care of the neighbors' pets in their absence. Mrs. Alexander called out to her husband, Richard Alexander, to come with her to investigate.

The Alexanders entered the porch and noticed things amiss. A wicker table appeared to have been moved. One of the house windows was open, and the screen covering [it] was sliced open. The door leading into the house was also open.

Mrs. Alexander called out, "Hello." After receiving no response, she and her husband began to back away off the porch. She then called out that she was calling the police.

A few moments later, a shorter, older, African-American man, wearing dark

---

[1] All the facts of this case were taken from this Court's Rule 23 order in the direct appeal affirming defendant's conviction. People v. Robert Miller, No. 1-02-0504, Order pursuant to Supreme Court Rule 23 (December 8, 2003).

clothes and a stocking cap came running out of the back door, yelling and waving his hands over his head. As the man ran by her, Mrs. Alexander fell down the stairs leading up to the porch. Mr. Alexander, who had started to walk back to his house, turned around on hearing the commotion to see the man emerging from the porch, and his wife falling.

At that point, the man grabbed a bicycle leaning against the side of the porch. Mr. Alexander moved in on the man. Apparently fearing Mr. Alexander, the man walked backward with the bike toward the street in front of the house, facing Mr. Alexander the entire time. However, as he came to the fence surrounding the home, he caught the bike on the gate and became stuck. By this time, Mrs. Alexander was standing and observing the struggle at the fence. Mr. Alexander tried to jump over or around the bike, but missed, colliding with it instead. After their fall, both the man and Mr. Alexander ended up sitting on the ground, again facing each other. Sometime during all of this, the man lost his stocking cap, which fell to the ground near the bike.

The man gave up on his bike and fled, first south on Sherman Avenue and then west on Garfield through a front yard. The Alexanders called the police. The police dispatcher, based on the description provided by the Alexanders, radioed officers to be on the lookout for a short, black man in dark clothing, and advised that he was traveling west from Sherman Avenue. Subsequently, another police call went out indicating that the man continued to run west, and was now around Maple Street.

Upon hearing the radio calls, Officer Lambesder realized that the man was heading in his direction. A few minutes later, Officer Lambesder saw defendant emerge from between two buildings on Ridge Avenue. Defendant had been running, but proceeded to walk when he saw the police car. Defendant matched the Alexanders'

description of the offender.

Officer Lambesder called out for defendant to come to him, which he did. Defendant was sweaty and breathing heavily. Officer Lambesder performed a precautionary frisk of defendant that revealed his possession of a pry bar and two Swiss Army knives. He subsequently took defendant back to the crime scene for a showup with the Alexanders. The Alexanders viewed defendant together from approximately 60 feet away and recognized him as the person they saw coming out of their neighbor's house.

At defendant's trial, the Alexanders again identified defendant as the man they saw at their neighbor's home. Mrs. Alexander explained that when the man ran by her, he came within two feet of her. She said that the reason she fell down the porch stairs was because she was focusing her attention on him. She resisted defense counsel's suggestion that she saw the man for only a brief time. She described her identification of defendant as the man [who emerged from her neighbor's home] as 'instant recognition.' Mr. Alexander testified that he was never more than 20 feet away from the man, and ultimately was only separated from him by the length of the man's bike, somewhere between six to eight feet away. When asked if the person he saw at the showup was the man he saw at his neighbor's, Mr. Alexander answered yes, 'very definitely.'

Mary Kay Conlon, the victim, testified that she had been away on vacation at the time of the burglary. She found out about the burglary when the police called her in France from her home. On her return to Evanston, she discovered that her bedroom [had been] ransacked. Contents from her dresser drawers had been dumped into a duffel bag that was left at the top of the stairs leading to the hall by her bedroom. She testified that she did not know defendant and never gave him permission to be in her house.

8

Defendant testified in his own defense. He claimed that he had been working at a home nearby on Foster Street and was going to the Foster Street "el" train station, but that he saw rubbish in an alley and decided to see what he could scavenge. He explained that he found himself on Ridge Avenue while trying to get back to his employer's home, to see if he could get a ride to bring some of his scavenged goods back. Defendant [admitted] to crossing between two houses to get back to Ridge Avenue. He claimed that the police took him back to the crime scene and put the offender's cap on his head, even though he told them it was not his, and then brought him before people he did not know for identification. (The Alexanders denied that defendant wore a cap when they identified him.) He said he told the police that the bike he owned was chained at his employer's home. A detective who [ ] interviewed defendant testified that he did find a bike chained at defendant's workplace, but that defendant never explained that his presence on Ridge Avenue was a result of scavenging rubbish.

At the conclusion of the evidence[,] the trial court found defendant guilty. The [trial] court credited the testimony of the Alexanders, indicating that[ ] from the description of all the events that happened in defendant's presence, they could have been in contact with defendant for minutes, not just seconds. The [trial] court discounted defendant's testimony, finding his presence on Ridge Avenue, and his crossing over private property to get there, more consistent with a route of escape from Sherman Avenue, than as means of returning to Forster Street." (Supp. C3-7)

New counsel was appointed to represent defendant during the post-trial proceedings and filed a motion for new trial on defendant's behalf. (C. C141-142, C146-161) In that motion, among other things, defendant asserted that his trial counsel was

9

ineffective for failure to investigate and present exculpatory evidence on defendant's behalf, arguing that "there was a lot of information available to [defendant's trial] defense counsel via the police report and via sending out investigators and so much work he could have brought pretrial motion or better examined the State's witnesses or at least put on independent evidence to call into question the evidence presented by the State." (R. 217-221, 235, C. C155-156) In support of defendant's arguments, numerous documents, such as police reports, were attached to the motion. (C. C10-21, R. 218) The trial court pointed out that it believed the testimony of the Alexanders because they had an ample opportunity to observe defendant. (R. 235-236) The trial court commented on the exhibits presented by defendant, such as dispatch reports and police reports, and stated that, "I don't know how a defense attorney would have been able to use that exhibit. First of all, it's not even clear where this information came from." (R. 236) The trial court pointed out that:

> [T]he description of a person running through the yard with his head
> bleeding, which is contained in Exhibit A attached to the Motion for a New
> Trial, does not impeach [the Alexanders] and does not impeach any of
> [defendant's] testimony. And, again, I don't know how this could have been
> used at trial. This is supposedly a phone call from a third person or a forth
> person, a neighbor named Gupta who called the police and said that an
> individual who was bleeding from the head was running through his yard.
> Gupta didn't testify. There is no testimony that the defendant was bleeding
> from the head. Nobody ever said [defendant] was bleeding from the head.
> The only mention of that is in the police report from this unknown, although

10

there is a last name, witness. And, A, that person could have been mistaken; and, B, he could have been talking about somebody else; C, that can't be used. That would be hearsay. That can't be used in any way. There is --- there is just no useful purpose for that information." (R. 237-238)

The trial court denied defendant's motion for a new trial. (R. 235)

On direct appeal defendant contended that 1) the witnesses' identification of him as the offender was vague and doubtful to the point where there was a reasonable doubt as to his guilt, 2) he received ineffective assistance of counsel because his attorney did not seek to suppress the identification, 3) his sentence as a mandatory Class X offender violated due process, 4) defendant was denied credit for one day spent in jail while awaiting trial, and 5) the trial court failed to properly admonish defendant in accord with Supreme Court Rule 605(c). (Supp. C2-3)

This Court upheld defendant's conviction and found that defendant was proven guilty beyond the reasonable doubt. (Supp. C10-13) This Court pointed out that "the Alexanders had an ample opportunity to identify defendant as the offender," and that "the Alexanders' identification of defendant as the offender was not vague and doubtful." (Supp. C10-13) This Court found that defendant's counsel was effective and that even if a motion to suppress identification was filed, "it would not have changed the result." (Supp. C18) This Court also found that the identification of defendant by Alexanders was very reliable and that defendant's motion to suppress identification would be denied and defendant would still have been found guilty at trial. (Supp. C18) This Court also rejected defendant's argument that since his prior convictions were not pled in his indictment, nor proven beyond the reasonable doubt at trial, his sentence was unconstitutional; awarded

11

defendant a one day of pre-trial incarceration credit; and rejected defendant's improper 605(c) admonishment challenge. (Supp. C20)

On October 26, 2004, defendant filed a *pro se* post-conviction petition alleging that 1) his trial counsel was ineffective when he failed to call defendant's crucial alibi witness Velma Thomas (C2.[2] C61); 2) defendant's sixth amendment right to effective cross-examination was violated when defendant's counsel failed to cross-examine one of the People's witnesses (C2. C63); 3) his trial counsel was ineffective when he failed to investigate and call an eyewitness by the name of "Gupta" (C2. C64-64); 4) defendant's counsel was incompetent for relying on a defense that was not available (C2. C66); 5) defendant's sixth amendment right to effective assistance of counsel was violated when his counsel elicited a damaging testimony from the People's witness (C2. C67); 6) defendant's counsel was ineffective for failing to impeach an eyewitness with discrepancies between the initial description she gave police and her trial testimony (C2. C68); 7) defendant's trial counsel was ineffective for his failure to challenge the indictment because the last page of the indictment was blank and unsigned (C2. C69); 8) defendant's counsel was ineffective for failing to subpoena two additional witnesses, "Gupta" and "Thompson", who could have corroborated defendant's testimony that he did not commit the offense (C2. C70-71); 9) defendant's counsel was ineffective for stipulating to eyewitness' identification of defendant (C2. C72); 10) defendant's counsel

[2] Defendant presented two volumes of common law record. The People will refer to the common law record under case No. 02-0504 as "C", and to the common law record under case No. 05-0585 as "C2".

was ineffective for stipulating to convictions that defendant did not have (C2. C73-75); 11) defendant's counsel was ineffective for failure to present the "police fabrication defense" (C2. C76-78); 12) defendant's counsel was ineffective for failing to present the "police fabrication" for probable cause defense (C2. C79-80); 13) defendant's counsel was ineffective when he failed to investigate evidence that would have corroborated defendant's testimony that he did not commit the crime (C2. C81-82); and 14) defendant's counsel was ineffective for failing to move for a judge substitution and for a "change of venue" (C2. C83)

In his petition defendant also included a list of all other instances where his counsel was ineffective, including the claim that his counsel was ineffective for not objecting to the prosecutor's improper closing argument. (C2. C85-90, 96-98) Defendant further alleged that the closing argument by the prosecutor was prejudicial and "flagrantly against the evidence." (C2. C90-96)

Next, defendant alleged that his appellate counsel was ineffective for 1) filing petitioner's appeal brief "being fully aware she did not have a complete copy of the trial transcript (C2. C99); and 2) failing to raise all of the issues brought against trial counsel in this post-conviction petition. (C2. C100)

Defendant also alleged that his right to a fair and impartial trial was violated when the trial judge failed to consider evidence crucial to the defendant's case (C2. C105-108); that the trial court abused its discretion when it denied cross-examination of the People's witness which would show that the police had used coercion in their identification procedure (C2. 109-110); and that the trial court abused its discretion when it found defendant guilty based on its own manufactured evidence. (C2. C111-125)

13

Lastly, defendant alleged that his constitutional right "under Article 1, Section 8, S.H.A., Ill. Const. 1970, the Sixth and Fourteenth Amendment of the United States Const., to be present during all crucial stages of his criminal proceedings [sic] were violated when [ ] defendant was not allowed to be present during the hearing regarding the missing pages of the [p]olice [r]eport." (C2. C126-130) Defendant asked the trial court to vacate his sentence and conviction and remand the case for new trial. (C2. C130) Attached to defendant's petition were defendant's generic affidavit, a subpoena to Velma Thomas, a letter to defendant's trial counsel Mr. Goodman and a letter to defendant from Mr. Goodman, a letter to defendant's appellate counsel Ms. Kari K. Firebaugh, and numerous police and investigative reports. (C2. 139-156)

On January 24, 2005, the trial court considered defendant's petition and dismissed it as patently without merit. (R2. 9)[3] The trial court specifically stated that in his petition defendant "alleges ineffective assistance of counsel at trial and on appeal" and "completely rehashes his bench trial" where "[h]e seeks to relitigate each and every fact state sough to introduce at trial." (R2. 9) The trial court ruled that defendant did not raise any new claims in his petition and that "[t]he evidence against [ ] defendant [was] overwhelming." (R2. 9)

Defendant filed his notice of appeal. (C2. 169) Defendant's appellate counsel filed a motion to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987). *See* Appendix A. This Court denied that motion. *See* Appendix A.

In his brief, defendant alleges that his trial counsel was ineffective for failing to call an alibi witness, Velma Thomas, who he claims was a crucial witness that could

---

[3] The People will refer to the report of proceedings in the case No. 05-0585 as "R2".

14

corroborate defendant's alibi defense, and that defendant's post-trial counsel was ineffective for failing to include this issue in defendant's motion for a new trial. (Def. Br. at 11, 13, 17) Defendant also alleges that his trial, post-trial and appellate counsels were ineffective for failure to investigate two exculpatory witnesses, "Gupta" and "Thompson" because these alleged witnesses would have helped bolster defendant's claim that he was misidentified. (Def. Br. at 20)

# ARGUMENT

## I.

**DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS PROPERLY DISMISSED WHERE DEFENDANT WAIVED CONSIDERATION OF THIS ISSUE ON APPEAL. MOREOVER, DEFENDANT FAILED TO SUPPORT HIS CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL AND POST-TRIAL COUNSEL FOR FAILURE TO CALL AN ALIBI WITNESS WITH NECESSARY AFFIDAVITS AND HIS CLAIM WAS FRIVOLOUS AND WITHOUT MERIT BECAUSE IT WAS FULLY REBUTTED BY THE RECORD.**

Defendant alleged that his trial counsel was ineffective when he failed to call Velma Thomas, defendant's employer at the time of the incident, as a crucial witness. (Def. Br. at 11) Defendant also alleged that his post-trial counsel was ineffective for failure to argue this issue in defendant's motion for a new trial. (Def. Br. at 17) Defendant asserts that this claim is not rebutted by the record and states the gist of a meritorious constitutional claim of ineffective assistance of counsel. (Def. Br. at 11) Defendant asks this Court to remand his case for second-stage proceedings. (Def. Br. at 11) However, the People maintain that defendant's claim was properly dismissed because defendant failed to support his allegation with an affidavit from the alleged alibi witness. Moreover, the trial court properly dismissed defendant's *pro se* post-conviction petition as frivolous and patently without merit because defendant failed to present the gist of constitutional claim of ineffective assistance of trial and post-trial counsel where defendant's allegation was fully rebutted by the record. Lastly, defendant's counsel trial and post-trial counsels were effective in representing defendant. Therefore, this Court must affirm the trial court's dismissal of defendant's petition.

16

The Post-Conviction Act provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in his original trial or sentencing hearing. People v. Towns, 182 Ill. 2d 491, 502, 696 N.E.2d 1128 (1998). Because this is a collateral proceeding, rather than an appeal of the underlying judgment, a post-conviction proceeding allows inquiry only into constitutional issues that were not, and could not have been, adjudicated on direct appeal. Towns, 182 Ill. 2d at 502.

The Post-Conviction Hearing Act confers upon the trial court the ability to summarily dismiss a defendant's petition in its first stage of review if it is frivolous or without merit. People v. Deloney, 341 Ill. App. 3d 621, 626, 793 N.E.2d 189 (1st Dist, 2003). A petition filed under the Post-Conviction Hearing Act shall have attached "affidavits, records, or other evidence" as required by section 122-2 supporting its allegations or "shall state why the same are not attached." People v. Brown, 336 Ill. App. 3d 711, 717, 784 N.E.2d 296 (1st Dist. 2002), see also 725 ILCS 5/122-2 (West 2005). The failure to either attach the necessary "affidavits, records, or other evidence" or explain their absence is "fatal" to a post-conviction petition and by itself justifies the petition's summary dismissal. People v. Collins, 202 Ill. 2d 59, 66, 782 N.E.2d 195 (2002). Moreover, when the defendant attacks the competency of his counsel for failing to call or contact witnesses, he must attach to his post-conviction petition affidavits showing the potential testimony of such witnesses and explain the significance of their testimony. People v. Dean, 226 Ill. App. 3d 465, 468, 589 N.E.2d 888 (1st Dist. 1992).

In determining whether a meritorious constitutional claim has been presented, the trial court may examine the court file and transcripts of the proceeding in which the petitioner was convicted and any action taken by an appellate court in such proceeding.

17

Deloney, 341 Ill. App. 3d at 626. The purpose of the examination authorized by Section 725 ILCS 5/122-2.1(c) of the Post-Conviction Hearing Act is to enable the trial court to determine if the facts pled in the petition are positively rebutted by the record. People v. Jefferson, 345 Ill. App. 3d 60, 69, 801 N.E.2d 552 (1st Dist. 2003). Such a determination assists the court in resolving the issue of whether the petition is frivolous or patently without merit. Jefferson, 345 Ill. App. 3d at 69.

On appeal the standard for determining whether the conduct of defense counsel in a criminal case meets constitutional standard is that set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). For a claim of ineffective assistance of counsel to prevail, a defendant must prove two prongs: 1) that the representation fell below an objective standard of reasonableness, and 2) that the deficient performance prejudiced the defendant in such a way as to create a "reasonable probability" that the result of the proceeding would have been different. Strickland, 466 U.S. at 694. In order to satisfy the deficient-performance prong of Strickland, a defendant must show that his counsel's performance was so inadequate that counsel was not functioning as "counsel" guaranteed by the sixth amendment. People v. Smith, 195 Ill. 2d 179, 745 N.E.2d 1194 (2000). Counsel's performance is measured by an objective standard of competence under prevailing professional norms. Id. Further, in order to establish deficient performance, the defendant must overcome the strong presumption that the challenged action or inaction may have been the product of sound trial strategy. People v. Evans, 186 Ill. 2d 83, 93, 708 N.E.2d 1158 (1999). Matters of trial strategy are generally immune from claims of ineffective assistance of counsel. People v. West, 187 Ill. 2d 418, 432, 719 N.E.2d 664 (1999). Counsel's decision regarding whether to present a particular witness is generally

18

a matter of trial strategy, which enjoys a strong presumption that it is the product of sound trial strategy and not incompetence, and will not support a claim of ineffective assistance of counsel. People v. Enis, 194 Ill. 2d 361, 378, 743 N.E.2d 1 (2000).

In order to establish prejudice, a defendant must prove that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694, at 698. A reasonable probability is defined as a probability that is sufficient to undermine confidence in the outcome. The prejudice component of Strickland entails more than an "outcome-determinative test"; rather, the defendant must show deficient performance of counsel rendered the result of the trial unreliable or the proceeding fundamentally unfair. People v. Phyfiher, 361 Ill. App. 3d 881, 886, 838 N.E.2d 181 (1st Dist. 2005). A defendant must satisfy both prongs of the Strickland test. People v. Mahaffey, 194 Ill. 2d 154, 742 N.E.2d 251 (2000). If a defendant cannot establish that he suffered prejudice, a court need not determine whether counsel's performance was constitutionally deficient. People v. Griffin, 178 Ill. 2d 65, 74, 687 N.E.2d 820 (1997).

A trial court's determination as to the sufficiency of the allegations contained in the post-conviction petition is reviewed de novo. People v. Coleman, 183 Ill. 2d 366, 389, 701 N.E.2d 1063 (1998). The reviewing court can affirm the decision of the circuit court even though it may have relied on other grounds and other reasoning. People v. Williams, 143 Ill. 2d 477, 485, 577 N.E.2d 762 (1991). It is the correctness of the circuit court's ruling, not its reasoning, which must be reviewed. People v. Falbe, 189 Ill. 2d 635, 645, 727 N.E.2d 200 (2000).

In his *pro se* petition and in his brief defendant alleges that his constitutional

19

rights were violated when his trial counsel failed to call an alibi witness, Velma Thomas, to testify on defendant's behalf. (C2. C61, Def. Br. at 11) More specifically, defendant contends that "Velma Thomas would have testified that [defendant] was working for her on the day of the burglary and that he left her house at 1310 Foster Avenue just a few minutes before the burglary took place on 2205 Sherman, about half a mile away." (C2. C61-62, Def. Br. at 13)

First, defendant has forfeited consideration of this issue because it was a matter of the trial record that could have been raised on direct appeal. Contrary to defendant's assertion that this claim is based on matters outside the trial record and could only be asserted under the Post-Conviction Hearing Act, the People maintain that this claim is based on the trial record. (Def. Br. at 19) Velma Thomas was listed as a potential witness in defendant's answer to discovery which is included in the trial record. (C. C32) Therefore, this ineffective assistance of trial and post-trial counsel claim could have been asserted by defendant on direct appeal but was not. A post-conviction proceeding allows inquiry only into constitutional issues that were not, and could not have been, adjudicated on direct appeal. Towns, 182 Ill. 2d at 502. Thus, the issues that could have been presented on direct appeal, but were not, are considered waived. People v. Barrow, 195 Ill. 2d 506, 519, 749 N.E.2d 892 (2001). Thus, this claim has been waived.

Notwithstanding waiver, the People maintain that this Court must affirm the decision of the trial court to dismiss defendant's petition as frivolous and patently without merit because defendant failed to properly support his allegations. According to Collins, 202 Ill. 2d at 66, the failure of the defendant to properly support his allegations and attach necessary affidavits is "fatal" to a post-conviction petition and by itself justifies the

20

petition's summary dismissal. According to Dean, 226 Ill. App. 3d at 468, when the defendant attacks the competency of his counsel for failing to call or contact witnesses, he must attach to his post-conviction petition affidavits showing the potential testimony of such witnesses and explain the significance of their testimony. In the instant case, defendant's claim fails under both Collins and Dean because no affidavit from Velma Thomas was attached to defendant's *pro se* post-conviction petition. Additionally, defendant failed to explain why such an affidavit was not attached and failed to attest in his own affidavit that Thomas' testimony would have been as he claimed in his petition. Without the necessary affidavits, defendant's allegation is nothing more than a speculation and the trial court properly dismissed this claim as frivolous and patently without merit. To merit an evidentiary hearing, the post-conviction petition must contain specific factual allegations rather than conclusory statements. People v. Janis, 240 Ill. App. 3d 805, 819, 608 N.E.2d 359 (1st Dist. 1992). A "gist of a meritorious claim" of depravation of a constitutional right may not be unexplained, bare allegation by a defendant, but must consist of sufficient facts from which the circuit court can discern a valid claim. People v. Prier, 245 Ill. App. 3d 1037, 1040, 613 N.E.2d 1226 (4th Dist. 1993). Those facts must be supported by affidavit, the record or other evidence which the court is permitted to scrutinize closely even at the first stage of the post-conviction proceeding. Prier, 245 Ill. App. 3d at 1040.

Additionally, defendant's claim was properly dismissed because it was fully and positively rebutted by the record, including defendant's own petition and exhibits attached to it. In his petition defendant alleged that his "counsel [ ] failed to utilize a Cook County Public Defender's investigation report, showing that an investigator had

21

went [sic] to the home of the defendant's alibi witness, his employer, Velma Thomas, and spoke with her about the defendant working for her." (C2. C62) Defendant alleged that this "investigation report clearly confirms defendant's trial testimony that he in fact did work for her." (C2. C62) Defendant correctly acknowledged that "this report states [that Velma Thomas] doesn't know what days [ ] defendant worked for her [ ]." (C2. C62)(emphasis added) Yet, defendant argued that he was "substantially hindered" in preparing his defense because his trial counsel did not call Velma Thomas, his crucial alibi witness, to the stand. (C2. C62) The People submit that the record and defendant's petition substantially rebutted defendant's claim not only that Velma Thomas was in fact his "crucial alibi witness," but also that she would testify that defendant "was working for her on the day [of the burglary] and [at the] time of the crime." (C2. C61, C139) The report clearly states that the witness would not testify that defendant was working for her the day of the burglary. Based on the investigation report, defendant cannot show that Thomas' testimony would have corroborated his alibi defense. Because defendant's claim is fully rebutted by the record, the trial court properly dismissed his petition as frivolous and patently without merit.

Defendant's claim was also properly dismissed as frivolous and patently without merit because defendant failed to state the gist of constitutional claim of ineffective assistance of trial counsel where defendant failed to show any prejudice that "but for" counsel's deficient performance, the outcome of the proceeding would have been different and that his counsel's performance was so inadequate that counsel was not functioning as "counsel" guaranteed by the sixth amendment.

As the record clearly indicates, defendant's trial counsel did present an alibi

22

defense on defendant's behalf and did so with the best available evidence such as defendant's own testimony and testimony of Officer Carlos Mitchem. (R. 145-148) The decision whether to call a particular witness is a matter of trial strategy and such decisions will not support a claim of ineffective assistance of counsel. People v. Patterson, 217 Ill. 2d 407, 442, 841 N.E.2d 889 (2005). An attorney need not call a witness if he reasonably believes that under the circumstances the individual's testimony is unreliable or would likely have been harmful to the defendant. People v. Ligon, 365 Ill. App. 3d 109, 119, 847 N.E.2d 763 (1st Dist. 2006). As set forth above, the investigation report indicates that the witness would not have been able to say that defendant was working for her at the time of the burglary. As a matter of trial strategy, counsel did not present Thomas as defendant's witness but presented defendant and Officer Mitchem.

Moreover, this record clearly demonstrates that counsel's decision was a matter of the trial strategy. Defendant sent a letter to his defense counsel asking his counsel to explain why certain witnesses were not called during trial, and his trial counsel replied in the letter explaining to defendant that it was a matter of the trial strategy. (C2. C136, 137-138) As the record indicates, and as defendant acknowledged, defendant's trial counsel attempted to present favorable to defendant testimony via defendant and Officer Carlos Mitchem. (R. 145-148, Def. Br. at 13) Clearly, based on the investigation report where Thomas stated that she did not remember when defendant worked for her, this was the best available defense tactic. Therefore, defendant failed to show that his trial counsel's performance was inadequate and satisfy the first prong of the Strickland test.

Additionally, defendant failed to establish that he was prejudiced by his trial counsel's performance. First, defendant failed to show that Velma Thomas would testify

23

that defendant worked for her on the day and the time of the burglary. Even if defendant's trial counsel had called Velma Thomas to the stand, it would not have changed the outcome of the trial where the trial court and this Court found that the testimony of Alexanders' was credible and reliable, and upheld defendant's conviction based on that testimony.

Ultimately, defendant has failed to satisfy both prongs of the Strickland test and show that his trial counsel's performance was deficient and that the outcome of defendant's trial would have been different "but for" his trial counsel's allegedly deficient performance.

In his Brief defendant also alleges that his post-trial counsel was ineffective for failing to include this issue in defendant's motion for a new trial and for failing to argue it to the trial court. (Def. Br. at 17-19) Defendant alleges that based on the trial counsel's answer to discovery, Thomas' subpoena, and a conversation with defendant in which defendant could have had confirmed that Thomas was present in the courtroom at the time of the trial, the post-trial counsel would have had an additional reason to argue to the trial court that defendant's trial counsel was ineffective. (Def. Br. at 17) The People maintain that defendant waived consideration of this issue for review and failed to show that his post-trial counsel was ineffective.

First, defendant's claim is forfeited under general principles of procedural default where defendant waived consideration of this issue for review by not including it in his original or amended post-conviction petition. A defendant who fails to include an issue in his original or amended post-conviction petition is precluded from raising the issue on appeal from the petition's dismissal. People v. Jones, 211 Ill. 2d 140, 148-149, 809

N.E.2d 1233 (2004); People v. Pendleton, ___ Ill. 2d ___, 2006 Ill. LEXIS 1669 *23 (December 21, 2006). In this case, defendant failed to raise the issue of his post-trial counsel's ineffectiveness in his petition, and, therefore, he is barred from raising this issue for the first time before this Court.

Defendant also waived consideration of this issue on appeal by failing to properly preserve it for review. Contrary to defendant's assertion that this claim is based on the matters outside the trial record and could be asserted for review under the Post-Conviction Hearing Act, the People maintain that this claim is based on the trial record, and, thus, it could and should have been asserted on direct appeal. (Def. Br. at 19) Velma Thomas was listed as a potential witness in defendant's answer to discovery which was a part of the direct appeal record. A post-conviction proceeding allows inquiry only into constitutional issues that were not, and could not have been, adjudicated on direct appeal. Towns, 182 Ill. 2d at 502. Thus, the issues that could have been presented on direct appeal, but were not, are considered waived. People v. Barrow, 195 Ill. 2d 506, 519, 749 N.E.2d 892 (2001).

Moreover, based on Strickland, defendant failed to show that he suffered prejudice from his post-trial counsel's allegedly deficient performance or that his post-trial counsel's performance was deficient. First, as set forth above, there is no merit to the claim that post-trial counsel should have raised this issue, and it cannot be said that the trial court would have granted a motion for a new trial had this issue been raised. Next, defendant failed to show that his post-trial counsel's performance was deficient, because based on the all the reports in this case, Velma Thomas was not an alibi witness. It is clear from the investigative report attached to defendant's petition that Thomas could not

25

say when defendant worked for her. (C2. C139) Thus, defendant failed to pass either prong of the Strickland test and establish that his post-trial counsel was ineffective.

The trial court properly dismissed defendant's petition as frivolous and patently without merit because defendant forfeited consideration of this issue by failing to properly preserve it, by failing to support his allegations and because his allegations were rebutted by the trial record. Moreover, the summary dismissal was proper because defendant failed to present the gist of constitutional claim of ineffective assistance of trial counsel or post-trial counsel and show that both counsels were ineffective for failure to call an alleged alibi witness Thomas or argue that she should have been called. This Court must affirm the trial court's summary dismissal of defendant's *pro se* post-conviction petition.

26

## II.

**DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS PROPERLY DISMISSED WHERE DEFENDANT FAILED TO SUPPORT HIS CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL, POST-TRIAL AND APPELLATE COUNSEL FOR FAILURE TO INVESTIGATE TWO ALLEGED EXCULPATORY WITNESSES WITH NECESSARY AFFIDAVITS AND WHERE HIS CLAIM WAS FRIVOLOUS AND WITHOUT MERIT BECAUSE IT WAS FULLY REBUTTED BY THE RECORD.**

Defendant alleged that he was denied an effective assistance of counsel when his trial counsel and post-trial counsel failed to investigate two exculpatory witnesses. (Def. Br. at 20) Defendant also alleged that his appellate counsel was ineffective for failure to raise this issue on direct appeal because the exculpatory witnesses would have bolstered defendant's claim that he was misidentified. (Def. Br. at 20) The People maintain that defendant's claim was properly dismissed because defendant failed to support his allegations with affidavits from the alleged exculpatory witnesses. Moreover, the trial court properly dismissed defendant's *pro se* post-conviction petition because defendant's assertion is rebutted by the record. Lastly, defendant's claim was properly dismissed as frivolous and patently without merit because defendant failed to present the gist of constitutional claim of ineffective assistance of trial, post-trial and appellate counsel. Therefore, this Court must affirm the trial court's dismissal of defendant's petition.

The Post-Conviction Act provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated in his original trial or sentencing hearing. People v. Towns, 182 Ill. 2d 491, 502, 696 N.E.2d 1128 (1998). Because this is a collateral proceeding, rather than an appeal of the underlying judgment, a post-conviction

27

proceeding allows inquiry only into constitutional issues that were not, and could not have been, adjudicated on direct appeal. Towns, 182 Ill. 2d at 502.

The Post-Conviction Hearing Act confers upon the trial court the ability to summarily dismiss a defendant's petition in its first stage of review if it is frivolous or without merit. People v. Deloney, 341 Ill. App. 3d 621, 626, 793 N.E.2d 189 (1st Dist, 2003). A petition filed under the Post-Conviction Hearing Act shall have attached "affidavits, records, or other evidence" as required by section 122-2 supporting its allegations or "shall state why the same are not attached." People v. Brown, 336 Ill. App. 3d 711, 717, 784 N.E.2d 296 (1st Dist. 2002), see also 725 ILCS 5/122-2 (West 2005). The failure to either attach the necessary "affidavits, records, or other evidence" or explain their absence is "fatal" to a post-conviction petition and by itself justifies the petition's summary dismissal. People v. Collins, 202 Ill. 2d 59, 66, 782 N.E.2d 195 (2002). Moreover, when the defendant attacks the competency of his counsel for failing to call or contact witnesses, he must attach to his post-conviction petition affidavits showing the potential testimony of such witnesses and explain the significance of their testimony. People v. Dean, 226 Ill. App. 3d 465, 468, 589 N.E.2d 888 (1st Dist. 1992).

In determining whether a meritorious constitutional claim has been presented, the trial court may examine the court file and transcripts of the proceeding in which the petitioner was convicted and any action taken by an appellate court in such proceeding. Deloney, 341 Ill. App. 3d at 626. The purpose of the examination authorized by Section 725 ILCS 5/122-2.1(c) of the Post-Conviction Hearing Act is to enable the court to determine if the facts pled in the petition are positively rebutted by the record. People v. Jefferson, 345 Ill. App. 3d 60, 69, 801 N.E.2d 552 (1st Dist. 2003). Such a determination

28

assists the court in resolving the issue of whether the petition is frivolous or patently without merit. Jefferson, 345 Ill. App. 3d at 69.

On appeal the standard for determining whether the conduct of defense counsel in a criminal case meets constitutional standard is that set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). For a claim of ineffective assistance of counsel to prevail, a defendant must prove two prongs: 1) that the representation fell below an objective standard of reasonableness, and 2) that the deficient performance prejudiced the defendant in such a way as to create a "reasonable probability" that the result of the proceeding would have been different. Strickland, 466 U.S. at 694. In order to satisfy the deficient-performance prong of Strickland, a defendant must show that his counsel's performance was so inadequate that counsel was not functioning as "counsel" guaranteed by the sixth amendment. People v. Smith, 195 Ill. 2d 179, 745 N.E.2d 1194 (2000). Counsel's performance is measured by an objective standard of competence under prevailing professional norms. Id. Further, in order to establish deficient performance, the defendant must overcome the strong presumption that the challenged action or inaction may have been the product of sound trial strategy. People v. Evans, 186 Ill. 2d 83, 93, 708 N.E.2d 1158 (1999). Matters of trial strategy are generally immune from claims of ineffective assistance of counsel. People v. West, 187 Ill. 2d 418, 432, 719 N.E.2d 664 (1999). Counsel's decision regarding whether to present a particular witness is generally a matter of trial strategy, which enjoys a strong presumption that it is the product of sound trial strategy and not incompetence, and will not support a claim of ineffective assistance of counsel. People v. Enis, 194 Ill. 2d 361, 378, 743 N.E.2d 1 (2000).

In order to establish prejudice, a defendant must prove that there is a reasonable

29

probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694, at 698. A reasonable probability is defined as a probability that is sufficient to undermine confidence in the outcome. The prejudice component of Strickland entails more than an "outcome-determinative test"; rather, the defendant must show deficient performance of counsel rendered the result of the trial unreliable or the proceeding fundamentally unfair. People v. Phyfiher, 361 Ill. App. 3d 881, 886, 838 N.E.2d 181 (1st Dist. 2005). A defendant must satisfy both prongs of the Strickland test. People v. Mahaffey, 194 Ill. 2d 154, 742 N.E.2d 251 (2000). If a defendant cannot establish that he suffered prejudice, a court need not determine whether counsel's performance was constitutionally deficient. People v. Griffin, 178 Ill. 2d 65, 74, 687 N.E.2d 820 (1997).

A trial court's determination as to the sufficiency of the allegations contained in the post-conviction petition is reviewed de novo. People v. Coleman, 183 Ill. 2d 366, 389, 701 N.E.2d 1063 (1998). The reviewing court can affirm the decision of the circuit court even though it may have relied on other grounds and other reasoning. People v. Williams, 143 Ill. 2d 477, 485, 577 N.E.2d 762 (1991). It is the correctness of the circuit court's ruling, not its reasoning, which must be reviewed. People v. Falbe, 189 Ill. 2d 635, 645, 727 N.E.2d 200 (2000).

### Trial counsel

Defendant alleges that his trial counsel was ineffective for failure to investigate "Gupta" and "Thompson" as exculpatory witnesses. (Def. Br. at 20, 21) Defendant alleges that these witnesses saw a man run from the area of the burglary, and that man could not have been defendant because the man was bleeding from the head and

30

defendant was not. (Def. Br. at 21)

The People maintain that the trial court properly dismissed defendant's claim because defendant failed to properly support his allegation. Under Collins, the failure to either attach the necessary "affidavits, records, or other evidence" or explain their absence is "fatal" to a post-conviction petition and by itself justifies the petition's summary dismissal. Collins, 202 Ill. 2d at 66. Under Dean, when the defendant attacks the competency of his counsel for failing to call or contact witnesses, he must attach to his post-conviction petition affidavits showing the potential testimony of such witnesses and explain the significance of their testimony. Dean, 226 Ill. App. 3d at 468. Besides the allegations made in defendant's *pro se* post-conviction petition, not even defendant's own affidavit supports his claim that "Gupta" and "Thompson" would provide any exculpatory testimony on defendant's behalf. Despite defendant's contention, and based on the record in this case, only "Gupta" reported a man running and bleeding from his head. (C2. C141, Def. Br. at 21) Based on the record, "Thompson" never reported that a man running thorough his backyard was bleeding in any way. (C2. C141) The People maintain that defendant failed to show that "Gupta" and "Thompson" would testify that a man running through their backyards was not defendant or that the man they saw running was the offender. Therefore, based on defendant's failure to support his allegation, the trial court properly dismissed defendant's post-conviction petition as meritless and frivolous.

Defendant also failed to show that his trial counsel was ineffective where defendant failed to show that "but-for" his trial counsel's allegedly deficient performance the outcome of defendant's trial would have been different and that defendant's counsel's

31

representation fell below an objective standard of reasonableness.

Attorneys have an obligation to explore all readily available sources of evidence that might benefit their clients and are required to conduct reasonable investigation. People v. Makiel, 358 Ill. App. 3d 102, 107, 830 N.E.2d 731 (1st Dist. 2005). Whether defense counsel was ineffective for failure to investigate is determined by the value of the evidence that was not presented at trial and the closeness of the evidence that was presented. Makiel, 358 Ill. App. 3d at 107.

In the instant case, defendant failed to show that his trial counsel's actions were not a part of a sound trial strategy. First, defendant failed in any way to show that the testimony of "Gupta" or "Thompson" would be beneficial in his case. Based on the record, description of the person reported by "Gupta" and "Thompson" is very generic: short black male wearing dark clothing. (C2. C141) The description provided by one of the witnesses in this case, Ms. Jennifer Alexander, matches the description provided by "Gupta" and "Thompson": short black male wearing dark clothing. (C2. C141) The fact that "Gupta" told the dispatcher that the man running through his property was bleeding from his head is not dispositive of defendant's innocence, beneficial to defendant or in any way exculpatory. As the trial court pointed out during the hearing on defendant's motion for new trial "[ ] A, [Gupta] could have been mistaken; and, B, he could have been talking about somebody else [ ]." (R. 238) The trial court pointed out that "[ ] there was nothing [defendant's trial counsel] could do with it, as far as I could tell anyway." (R. 238) Additionally, the fact that "Thompson" saw a "short black man" running though his backyard is more damaging than beneficial to defendant because it corroborates the description that Jennifer Alexander provided to police. (C2. C141) Thus, defendant failed

32

to show that his trial counsel's alleged failure to investigate "Gupta" and "Thompson" was not a part of counsel's trial strategy. As the trial court correctly pointed out during the hearing on defendant's motion for new trial, "[t]he fact that one attorney would perhaps have asked [ ] some different questions or presented some different evidence or used a different set of trial tactics had he been trying the case does not mean that the trial tactics that were engaged in by the attorney who actually did try the case rise to the level of incompetence." (R. 239)

Moreover, defendant failed to show that he suffered any prejudice. The trial court's comments suggest the obvious conclusion that the outcome of defendant's trial would not have been different had counsel investigated and presented these witnesses. The People maintain that even if "Gupta" and "Thompson" testified to what they had initially reported, their testimony could not overcome the eyewitness identification of the Alexanders. As the trial court noted, the witnesses could have seen someone else, or, in a worse for defendant scenario, put him closer to the scene of the burglary. It cannot be concluded that the testimony of these witnesses would have resulted in a finding of "not guilty" for defendant.

Additionally, defendant failed to show any prejudice in light of this Court's opinion in defendant's direct appeal where this Court stressed that the Alexanders' identification of "defendant as the offender was not vague and doubtful" and found that defendant was proven guilty beyond the reasonable doubt. (Supp. C13)

Thus, the trial court properly dismissed defendant's petition because defendant failed to present the gist of a constitutional claim of ineffective assistance of trial counsel where he failed to properly support his allegation and show that his trial counsel was

33

ineffective for alleged failure to investigate two absolutely useless witnesses "Gupta" and "Thompson."

*Post-trial counsel*

Defendant also asserts in his Brief that his post-trial counsel was ineffective for failing to investigate "Gupta" and "Thompson". (Def. Br. at 20-22)

Defendant's claim that his post-trial counsel was ineffective for failing to investigate alleged exculpatory witnesses has been forfeited under general principles of procedural default where defendant waived consideration of this issue for review by not including it in his original or amended post-conviction petition. A defendant who fails to include an issue in his original or amended post-conviction petition is precluded from raising the issue on appeal from the petition's dismissal. People v. Jones, 211 Ill. 2d 140, 148-149, 809 N.E.2d 1233 (2004); People v. Pendleton, __ Ill. 2d __, 2006 Ill. LEXIS 1669 *23 (December 21, 2006). In this case, defendant failed to raise the issue of his post-trial counsel's ineffectiveness in his petition, and, therefore, he is bared from raising this issue for the first time before this Court.

Moreover, defendant's allegation is fully rebutted by the record and his own brief. In his brief defendant acknowledged that his "post-trial counsel argued in his post-trial motion for new trial that trial counsel was ineffective for failing to investigate and call ['Gupta' and 'Thompson']." (Def. Br. at 23-24) The record also shows that this issue was included in defendant's motion for a new trial and thoroughly argued during the hearing on that motion. (R. 232-241, C. C147-161) Therefore, defendant's argument that his post-trial counsel was ineffective for failure to investigate "Gupta" and "Thompson" not only procedurally barred but also fully rebutted by the record.

34

*Appellate counsel*

Lastly, defendant alleges that his appellate counsel was ineffective for failure to raise on direct appeal the issue of trial counsel's ineffectiveness for failure to investigate "Gupta" and "Thompson". (Def. Br. at 20, 24) The People maintain that defendant's appellate counsel was effective, and, thus, there is no merit to defendant's claim.

The two-pronged <u>Strickland</u> test applies to allegations of ineffective assistance of appellate counsel. <u>Makiel</u>, 358 Ill. App. 3d at 112. A defendant who claims that appellate counsel was ineffective for failing to raise an issue on appeal must allege facts showing such failure was objectively unreasonable and that counsel's decision prejudiced defendant. <u>Enis</u>, 194 Ill. 2d at 377. Appellate counsel is not required to brief every conceivable issue on appeal and may refrain from developing nonmeritorious issues without violating <u>Strickland</u> because defendant suffers no prejudice unless the underlying issue is meritorious. <u>People v. Jones</u>, 219 Ill. 2d 1, 23, 845 N.E.2d 598 (2006). Unless the underlying issue has merit, a defendant cannot be considered to have suffered prejudice from appellate counsel's failure to brief that issue. <u>Makiel</u>, 358 Ill. App. 3d at 113.

In this case, defendant failed to show that he suffered prejudice when his trial counsel did not raise on appeal the issue of trial counsel's ineffectiveness based on the alleged failure to investigate exculpatory witnesses "Gupta" and "Thompson" because, as set above, the issue had no merit. Instead, the appellate counsel argued on appeal "that the identification of [defendant] was vague, doubtful and uncertain such that it failed to prove [defendant] guilty beyond a reasonable doubt" and that defendant's trial counsel was ineffective "for failing to move to suppress the identification process." (Def. Br. at 24) It is clear that in his motion for a new trial, just as in his *pro se* petition for post-

35

conviction relief, defendant attempted to challenge his conviction based on the fact that he was misidentified. It is also clear from the record that on direct appeal appellate counsel attempted to challenge the sufficiency of defendant's conviction based on the alleged misidentification of defendant by the Alexanders. Since on direct appeal defendant's counsel did challenge defendant's conviction based on a claim of a vague, doubtful and uncertain identification of defendant, defendant failed to show how he suffered prejudice when his counsel did not pursue the non-meritorious argument that counsel was ineffective for failure to investigate "Gupta" and "Thompson," witnesses who would have offered nothing. The trial court considered defendant's argument that his counsel was ineffective for failure to investigate "Gupta" and "Thompson" and concluded that there was "no useful purpose for that information" and that the information about these alleged witnesses does not impeach any witness or help defendant's testimony. (R. 237) The trial court stated that "the attorney who represented [defendant] did an excellent job." (R. 239) Thus, defendant failed to present the gist of a meritorious claim of ineffective assistance of appellate counsel and show that "but-for" his appellate counsel's allegedly deficient performance, this Court would have reversed defendant's conviction.

In conclusion, defendant failed to show that his trial, post-trial and appellate counsels were ineffective for failure to investigate alleged exculpatory witnesses "Gupta" and "Thompson". This Court must uphold the trial court's summary dismissal of defendant's *pro se* post-conviction petition.

## CONCLUSION

For the forgoing reasons, the People respectfully ask this Honorable Court to affirm the trial court's summary dismissal of defendant's *pro se* post-conviction petition.

In addition, because petitioner's original action was specifically found to be "frivolous", and because the issues raised in this appeal are likewise patently without merit, the People request that petitioner be held responsible for the full court costs of prosecuting this appeal, as provided for in 735 ILCS 5/122-105, regarding "Frivolous lawsuits filed by prisoners." The People request that his Court enter an order that petitioner's prisoner trust fund be debited for such costs in accordance with the above-cited legislation until such time as full costs have been paid.

In alternative, pursuant to <u>People v. Nicholls</u>, 71 Ill. 2d 166, 374 N.E.2d 194 (1978) and relevant statutory provisions 725 ILCS 5/110-7(h) (2004); 725 ILCS 5/124A-5 (2004); 55 ILCS 5/4-2002.1 (2004), the People of the State of Illinois respectfully request that this Court grant the People costs and incorporate as part of its judgment and mandate a fee of $100.00 for defending this appeal. In addition, pursuant to <u>People v. Agnew</u>, 105 Ill. 2d 275, 473 N.E.2d 1319 (1985) and 55 ILCS 5/4-2002.1 (2004), the People respectfully request that this Court also grant the People an additional fee of $50.00 in the event oral argument is held in this case.

Respectfully Submitted,

RICHARD A. DEVINE,
State's Attorney,
County of Cook,
Room 309 - Richard J. Daley Center,
Chicago, Illinois 60602

<u>Attorney for Plaintiff-Appellee</u>

JAMES E. FITZGERALD,
MARY P. NEEDHAM,
YULIA NIKOLAEVSKAYA,
Assistant State's Attorneys,
      <u>Of Counsel.</u>

37

**APPENDIX**

# APPENDIX A

No. 1-05-0585

# IN THE APPELLATE COURT OF ILLINOIS
## FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| Respondent-Appellee, | ) | Cook County, Illinois |
| | ) | |
| v. | ) | No. 00 C2 20576 |
| | ) | |
| ROBERT MILLER, | ) | Honorable Timothy Chambers, |
| Petitioner-Appellant | ) | Judge Presiding. |

12/9/05
BDD

## MOTION TO WITHDRAW AS COUNSEL ON APPEAL
## PURSUANT TO PENNSYLVANIA V. FINLEY

Attorney JOHN S. YOUNG, moves for leave to withdraw as counsel for Petitioner-Appellant, ROBERT MILLER, in this cause. In support of this motion, Attorney JOHN S. YOUNG states:

1. Petitioner-Appellant, ROBERT MILLER, was sentenced to eighteen years' imprisonment for residential burglary and possession of burglary tools on February 22, 2002. Petitioner's direct appeal was affirmed (with corrected mittimus) by this Honorable Court on December 8, 2003.

2. Petitioner's Post-Conviction Petition was filed on October 26, 2004, in which Petitioner alleged approximately seventeen constitutional errors. The trial court dismissed Petitioner's claims as frivolous and patently without merit on January 24, 2005.

RECEIVED
CRIMINAL APPEALS

DEC 0 2005

309 RICHARD J. DALEY CENTER
RICHARD
STATE'S ATTORNEY'S OFFICE

12/16

3. Notice of appeal was file-stamped on February 16, 2005.
On October 4, 2005, this Honorable Court appointed Attorney JOHN
S. YOUNG as counsel for ROBERT MILLER on this appeal.

4. After an examination of the record on appeal, counsel has
concluded that an appeal in this cause would be frivolous.
Therefore, counsel hereby moves to withdraw as counsel on appeal
pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987).
Appellate counsel has informed the petitioner of his decision and
his intention to file this motion.

5. Petitioner raises the following issues in his current *pro
se* Post-Conviction Petition:

a. Trial counsel was constitutionally ineffective for
failing to call an alibi witness;

b. Trial counsel was constitutionally ineffective for
failing to cross-examine a police officer with an Evidence
Technician's Report;

c. Trial counsel was constitutionally ineffective for
failing to investigate and call an eyewitness;

d. Trial counsel was incompetent when relying on a defense
that was unavailable;

e. Trial counsel was constitutionally ineffective for
eliciting testimony from a State witness that was damaging to the
defense;

f. Trial counsel was constitutionally ineffective for
failing to impeach an eyewitness on inconsistencies in her
description of the perpetrator with a Police Dispatch Report;

g. Trial counsel was constitutionally ineffective for
failing to challenge an unsigned information;

h. Trial counsel was constitutionally ineffective for
failing to subpoena two alibi/eyewitness witnesses;

i. Trial counsel was constitutionally ineffective for stipulating to the in-court identification of the defendant;

j. Trial counsel was constitutionally ineffective for stipulating to a conviction not on defendant's record;

k. Trial counsel was constitutionally ineffective for failing to present a "Police Fabrication Defense;"

l. Trial counsel was constitutionally ineffective for failing to present "Police Fabrication" for probable cause;

m. Trial counsel was constitutionally ineffective for failing to investigate evidence that corroborated defendant's testimony;

n. Trial counsel was constitutionally ineffective for not substituting the trial judge;

o. Direct appeal counsel was constitutionally ineffective for filing Appellant's Brief without full transcripts;

p. Direct appeal counsel was constitutionally ineffective for failing to raise issues in the post-conviction petition in his direct appeal;

q. Petitioner's constitutionally right to a fair trial was violated when the trial court did not consider the "Police Dispatch Report" (page 105 of Post-Conviction Petition);

r. Claims that the trial court abused its discretion in allowing or denying certain evidence (pages 109-125 of Post-Conviction Petition);

s. Defendant's constitutional right to be present during critical stages of proceedings was violated when he did not attend a hearing on missing pages of a police report (page 126 of Post-Conviction Petition);

t. Trial counsel was constitutionally ineffective for stipulating that page two of a police report was page one;

u. Numerous untitled claims of error interspersed within the other topic headings.

6. Counsel herein has reviewed and researched each claim of error made by ROBERT MILLER in his *pro se* Post-Conviction Petition and has found no merit in any claims that would support argument in an Appellant's Brief. Specifically, the response to each claim of error is as follows:

a. There is no affidavit from VELMA THOMAS to support the claims made in the petition;

b. Exhibit "E," is a hearsay document that does not directly contradict the testimony of Officer Firth and his observations of the scene; overwhelming evidence of suspect identification; issues of direct appeal waived and not error rising to constitutional level;

c. There is no affidavit from "Gupta" to support claims made in the petition;

d. Use of hearsay testimony to elicit what VELMA THOMAS would have said might have been trial strategy because VELMA THOMAS was unavailable to testify or VELMA THOMAS' testimony would not have been what Petitioner claims; no affidavit from VELMA THOMAS to support as to how she would have testified;

e. Trial counsel strategy to demonstrate that duffle bag was not Defendant's bag and show that no items were missing from home; direct appeal issues waived and not error rising to constitutional level;

f. Dispatch report is hearsay and inadmissible; direct appeal issues waived and not error rising to constitutional level;

g. Information is not inherently defective because it is not signed. (People v. Devine, 295 Ill. App. 3d 537, 692 N.E.2d 785 (1st Dist. 1998)); direct appeal issue waived and not error rising to constitutional level;

h. See responses to issues "a" and "c" *supra*;

i. Trial strategy of counsel based on in-court recognition by witness; direct appeal issue waived and not error rising to constitutional level;

j. Petitioner admits to the conviction in his petition (1995, instead of 1996 was the claimed error); pre-sentence investigation in common-law record of direct appeal reflects that stated by the prosecutor at trial (Supp. R. C69); direct appeal issue waived and not error rising to constitutional level;

k. Inconsistencies in police officers' testimony were elicited by trial counsel during trial; issue of reasonable doubt raised on direct appeal;

1. See response to "k" *supra*; trial counsel's constitutional failure to move to suppress identification subject of direct appeal;

m. No affidavits or affirmative proof to substantiate Petitioner's claims; overwhelming identification evidence; not error rising to constitutional level;

n. Substitution of judge a matter of trial strategy; no evidence of judicial bias in case; direct appeal issue waived and not error rising to constitutional level;

o. No evidence in petition as to what constitutional error are reflected in pre-trial transcripts; missing pre-trial transcripts not a *per se* error and not one rising to constitutional level;

p. No error in the post-conviction petition is one of constitutional proportions, so direct appeal counsel could not be constitutionally ineffective for failing to raise them;

q. No trial error occurred when court held that the "Police Dispatch Report" could not be used to impeach a witness other than the person ("Plumb") who called the dispatcher; direct appeal issue waived and not error rising to constitutional level;

r. Listed abuses of discretion by trial court are direct appeal issues waived and not error, if indeed they were errors,

not rising to constitutional level; identification issues raised
and denied on direct appeal;

s. Police report is inadmissible hearsay; notwithstanding
hearsay, "page one" of the police report in question is not
attached to the petition, so allegations made by Petitioner as to
what is on "page one" of the report and the effect of any
potential prejudice is indeterminable; overwhelming
identification evidence;

t. Police report is inadmissible hearsay; notwithstanding
hearsay, "page one" of the police report in question is not
attached to the petition, so allegations made by Petitioner as to
what is on "page one" of the report and the effect of any
potential prejudice is indeterminable; overwhelming
identification evidence;

u. The gist of all untitled claims of error, including most
of the titled claims of error, is that Petitioner has been
misidentified as the person who entered the burglarized
residence.  The issues of reasonable doubt and suppression of
identification were addressed in the direct appeal. (See
supplemental record Rule 23 Order of December 8, 2003.)


7. In order for Petitioner to succeed on his claims of
ineffective assistance of trial and appellate counsel, he must
demonstrate that counsel has been constitutionally infirm and, as
a result, the defendant has been prejudiced by the performance.
(Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.
2d 674 (1984); see People v. Albanese, 104 Ill. 2d 504, 473
N.E.2d 1246 (1984).)  Prejudice exists when counsel's errors were
so serious as to deprive the defendant of a fair trial with a
reliable result.  (People v. Page, 155 Ill. 2d 232, 614 N.E.2d
1160, 1172 (1993).)  The objective standard of reasonableness is
not met when the errors are so serious that counsel failed to
provide representation as required under the Sixth Amendment.

(Page, 155 Ill. 2d 232, 614 N.E.2d at 1172.) Both prongs of the standard must be met to raise a successful challenge to counsel's representation. (People v. Randle, 277 Ill. App. 3d 788, 661 N.E.2d 370, 376 (1st Dist. 1995).) The presumption is strong that the challenged representation was a product of sound trial strategy. Randle, 277 Ill. App. 3d 788, 661 N.E.2d at 376.

8. Even if Petitioner were to successfully argue that errors by trial and appellate counsel rendered their representation below the objective level of reasonableness, the prejudice element is lacking. Petitioner was identified as the perpetrator by two eyewitnesses, Richard and Jennifer Alexander (Supp. R., Rule 23 Order, pages 2-5.) No level of police officer impeachment negates unwavering testimony by the Alexanders that Petitioner was the person who ran from the home and struggled with Mr. Alexander. (Supp. R., Rule 23 Order, pages 2-3.)

WHEREFORE, Attorney JOHN S. YOUNG, respectfully moves to withdraw as counsel on appeal in this cause.

Respectfully submitted,

JOHN S. YOUNG
Counsel for Petitioner-
Appellant, Robert Miller

John S. Young
Attorney for Petitioner
830 E. Rand Road, Suite 9
Mount Prospect, IL 60056
847/ 392-9450

## IN THE APPELLATE COURT OF ILLINOIS
### FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of |
| Respondent-Appellee, | ) | Cook County, Illinois |
| | ) | |
| v. | ) | No. 00 C2 20576 |
| | ) | |
| ROBERT MILLER, | ) | Honorable Timothy Chambers, |
| Petitioner-Appellant | ) | Judge Presiding. |

### NOTICE AND PROOF OF SERVICE

To:  Richard A. Devine              Robert Miller  *A - 50043*
     State's Attorney, Cook County  *Taylorville Corr. Center*
     300 Daley Center, Room 309     *P.O. Box 900*
     Chicago, IL 60602              *Taylorville, IL 62568*

Please take notice that on December *16*, 2005, I caused to be filed with the Clerk of the Appellate Court, First Judicial District, the original and three (3) copies of enclosed Motion to Withdraw Pursuant to <u>Pennsylvania v. Finley</u>, a copy of which is hereby served upon you.

_____
John S. Young
Counsel for Petitioner-Appellant

The undersigned, an attorney, hereby certifies under penalties of perjury as provided by law pursuant to 735 ILCS 5/1-109, that the above-mentioned Motion was served on the person(s) named above by depositing true copies thereof in an envelope addressed as above, with postage prepaid, and depositing the same in the United States Mail at Mount Prospect, Illinois, this *16* day of December, 2005.

_____
John S. Young
Attorney for Petitioner
830 E. Rand Road, Suite 9
Mount Prospect, IL 60056
847/ 392-9450

ORDER

## IN THE APPELLATE COURT OF ILLINOIS
### FIRST JUDICIAL DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 1-05-0585 |
| | ) |
| ROBERT MILLER, | ) |
| | ) |
| Defendant-Appellant. | ) |

## O R D E R

ON THE COURTS OWN MOTION, appellant's motion to withdraw as counsel under

<u>Pennsylvania v. Finley</u>, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987), having been denied;

IT IS HEREBY ORDERED that the appellate brief shall be due December 11, 2006.

**ORDER ENTERED**

OCT 2 3 2006

APPELLATE COURT, FIRST DISTRICT

_____
Justice

_____
Justice

_____
Justice

**RECEIVED**
CRIMINAL APPEALS

OCT 2 3 2006

309 RICHARD J. DALEY CENTER
RICHARD A. DEVINE
STATE'S ATTORNEY'S OFFICE

D

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,     )
                                         )
        Plaintiff/Appellee,              )
                                         )
            v.                           )     No. 1-05-0585
                                         )
ROBERT MILLER,                           )
                                         )
        Defendant/Appellant.             )

# O R D E R

This matter coming on to be heard on Defendant's counsel's motion to withdraw as counsel pursuant to <u>Pennsylvania v. Finley,</u>

IT IS HEREBY ORDERED: the motion is hereby DENIED.

_____
Justice

**ORDER ENTERED**

JUN 0 9 2006

APPELLATE COURT, FIRST DISTRICT

_____
Justice

_____
Justice

**RECEIVED**
CRIMINAL APPEALS

SEP 1 2 2006

309 RICHARD J. DALEY CENTER
RICHARD A. DEVINE
STATE'S ATTORNEY'S OFFICE

/16

## CERTIFICATE OF COMPLIANCE

I certify that this brief conforms to the requirements of Rules 341 (a) and (b).  The length of this brief, excluding the appendix, is 37 pages.

By: _____
YULIA NIKOLAEVSKAYA,
Assistant State's Attorney

38



FILED
CRIMINAL APPEALS

MAR 1 8 2007

308 RICHARD J. DALEY CENTER
RICHARD A. DEVINE
STATES ATTORNEY'S OFFICE

No. 1-05-0585

## IN THE

## APPELLATE COURT OF ILLINOIS

## FIRST DISTRICT

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Respondent-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 00 C2 20576. |
| | ) | |
| **ROBERT MILLER,** | ) | Honorable |
| | ) | Timothy Chambers, |
| Petitioner-Appellant. | ) | Judge Presiding. |

## REPLY BRIEF AND ARGUMENT FOR PETITIONER-APPELLANT

MICHAEL J. PELLETIER
Deputy Defender

EMILY S. WOOD
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois  60601
(312) 814-5472

COUNSEL FOR PETITIONER-APPELLANT

EXHIBIT J

No. 1-05-0585

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Respondent-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 00 C2 20576. |
| | ) | |
| ROBERT MILLER, | ) | Honorable |
| | ) | Timothy Chambers, |
| Petitioner-Appellant. | ) | Judge Presiding. |

## REPLY BRIEF AND ARGUMENT FOR PETITIONER-APPELLANT

I.   **Robert Miller stated the gist of a meritorious constitutional claim that trial and post-trial counsel were ineffective for failing to call an alibi witness on Mr. Miller's behalf.**

The State maintains that the basis for this claim is fully presented on the trial record.  Based on this contention, the State argues that Miller has waived review of this claim as it should have been presented on direct appeal, and that the record rebuts his claim. (St. Br. 20-21)  In spite of the contention that the basis for the claim is in the trial record, the State faults Miller for failing to provide an affidavit from Velma Thomas in support of his claim, arguing that this technical violation is sufficient to support a summary dismissal. (St. Br. 20-21)  Finally, the State argues that Miller has failed to meet the standard for ineffective assistance of counsel as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). (St. Br. 23-24)  For the following reasons, the State's

arguments must fail.

First, contrary to the State's argument, support for Miller's claim that trial counsel was ineffective for failing to call Velma Thomas as an alibi witness is not wholly contained in the trial record. (St. Br. 20) The State is correct in reiterating that Thomas was listed as a potential witness in Miller's answer to discovery. (St. Br. 20); (Def. Br. 14) However, the trial record does not reflect to what Velma Thomas might have testified, or otherwise support an objection to counsel's failure to call Thomas. In this case, the trial record reflects that trial counsel listed Velma Thomas as a possible witness. Miller's post-conviction petition, which must be taken as true at this stage, indicates that Thomas would have testified that Miller was working for her on the day of the burglary and that he left her house at 1310 Foster Avenue just a few minutes before the burglary took place on 2205 Sherman, about half a mile away (C-21). (PC-61-2). Velma Thomas would have also testified that Miller's pry bar was used to work on her floor, that she gave him the pocket knives as gifts, and that Miller's bicycle was chained to her front porch and not left at the crime scene. (PC-61-2, R-124-5). Miller's post-conviction petition also contains a copy of subpoena for Thomas for the day of trial (PC-135). Finally, Miller's post-conviction petition alleges that Thomas was present in the courtroom on the day of trial, but that trial counsel never called her to the stand to testify. (PC-61). Thus, the key information that linked the evidence provided at trial to the importance of Thomas' testimony was provided by Miller in his *pro se* post-conviction petition when he alleged that Thomas could have provided alibi evidence and that she was present in the courtroom and prepared to testify on the day of trial. (PC. 61-62) Thus, the substance of the claim is based on matters outside the trial record and are cognizable in a post-conviction proceeding. *See People v. Morgan*, 187 Ill.2d 500, 528

-2-

(2000) ("the purpose of the post-conviction proceeding is to permit the inquiry into constitutional issues involved in the original conviction and sentence that have not been, and could not have been, adjudicated previously upon direct appeal.").

Because this claim is based on matters outside the record, this claim is not waived, as the State claims. (St. Br. 20)  In post-conviction proceedings, this Court has held that the waiver doctrine is implicated when a defendant fails to raise a claim on direct appeal, if that claim is based on facts ascertainable from the record on appeal. *People v. Jefferson*, 345 Ill.App.3d 60, 71 (1st Dist. 2003).   In this case, the single fact that comes from the trial record is that Thomas was listed as a possible witness.  While the State claims this is enough to implicate the waiver doctrine, *Jefferson* indicates that *the claim* must be ascertainable from the record in order to risk the implication of waiver.  *See Id.* (emphasis added).  Here, the State fails to suggest what claim could have been crafted by appellate counsel from the single fact that Thomas was listed as a possible witness.  Indeed, if appellate counsel had attempted to raise any issue based on the lone fact that Velma Thomas was listed as a possible witness, the State would undoubtedly have protested that such a claim is more suited to a post-conviction proceeding.

The State next claims that Miller's claims are rebutted by the record because Miller acknowledges in his petition that the investigator's notes contain the comment, "has no idea when [defendant] did work, can't recall." (PC 62, 139)  However, the State overlooks the subsequent portion of the petition.  Miller acknowledges the note by the investigator, then explains that Thomas would have been able to answer whether Miller was working on the day of the burglary.  (PC. 62)  Miller explained that Detective Mitchem testified that he went to Thomas' house on the day of the crime, and if Thomas

were asked about that day - the day the detective showed up at her house asking about a

bike - she would be able to provide the critical information that Miller was working at

her house that day. (PC. 62) The record supports Miller's explanation of how the

investigator's note does not contradict his claim that Thomas would have provided alibi

testimony. The investigator's note indicates that Thomas verified that Miller ripped up

her floor, repaired the roof and did concrete work for her. The subsequent note that

Thomas could not recall when Miller did the work could have been an attempt to recall

various details unrelated to the ultimate question of whether Miller was working on the

day of the burglary. As he reportedly slept on her porch for about two months, she could

have been attempting to recall when he completed each segment of work. Without

additional information, such as the investigator's question, to put this note in context, it

cannot be said that it rebuts his claim that she could testify that he worked for her on the

day of the burglary. (PC. 139)

Despite the fact that the State agrees that there is supporting documentation in the

record for this claim, the State contends that Miller's failure to attach Thomas' affidavit

was a substantive defect. (St.Br.21) The Supreme Court has held that technical

compliance with the Post-Conviction Hearing Act, such as timeliness, is a separate issue

from the merits of the petition. *People v. Boclair*, 202 Ill.2d 89, 789 N.E.2d 734 (2002).

Similarly, whether a defendant has attached an affidavit to his petition is a separate issue

from whether the petition is frivolous and patently without merit. A petition may state

the gist of a meritorious claim even in the absence of an affidavit. *People v. Bates*, 324

Ill.App.3d 812, 815 (1st Dist. 2001).

The State relies heavily on *People v. Collins*, 202 Ill.2d 59 (2002). (St. Br. 20-

21) In *Collins*, the defendant filed a *pro se* post-conviction petition, without attaching

-4-

affidavits, which the trial court dismissed as being "frivolous and patently without merit." *Id.* at 62. On review, the Supreme Court held that the circuit court was correct in dismissing the petition because, without any supporting documents, the allegations contained in the petition were conclusory, and therefore frivolous and patently without merit. *Id.* at 65-66. *See People v. Hanks*, 335 Ill.App.3d 894, 897-899 (1st Dist. 2002) (noting that *Collins* involved a defendant who, in his post-conviction petition, made a "bald allegation with no factual support," which led to the appropriate dismissal of the petition as frivolous and without merit). Thus, according to *Collins*, failing to comply with the procedural requirements in the Act *may* lead to a conclusion that the post-conviction petition is frivolous and patently without merit. However, *Collins* does not establish that a post-conviction petition may be dismissed based solely on lack of procedural compliance.

This Court has held that an affidavit is not required in every post-conviction petition, and that the focus at the first stage of a post-conviction proceeding is whether the petitioner presented the "gist of a meritorious claim." *People v. Hanks*, 335 Ill.App.3d 894, 897-899 (1st Dist. 2002). Thus, the circuit court's sole task was to determine whether Miller's post-conviction petition presented the gist of a meritorious claim. However, it failed to complete that task when it dismissed Miller's post-conviction petition after engaging in a substantive analysis of the merits of the claim when it stated that "the evidence against the defendant is overwhelming." (PR. 9); (Def. Br. 18-19)

The State engages in a similar inappropriate substantive analysis when it claims that Miller failed to show that trial counsel's failure to call Thomas as a witness was nothing more than trial strategy, or that he was prejudiced by counsel's decision. (St. Br.

23-24) However, the State ignores the fact that a petitioner need not prove that his claims of ineffectiveness of counsel meet the *Strickland* standard in order to state the gist of constitutional claim. *People v. Plummer*, 344 Ill. App. 3d 1016, 1020 (1st Dist. 2004) (finding that the petitioner stated the gist of a constitutional claim of ineffectiveness of counsel, and specifying that "We take no position on defendant's ability to prove his ineffective assistance claims; however, we find his petition and the record warrant proceeding to the second stage of the post-conviction process. Defendant alleged the gist of a constitutional deprivation which was substantively unrebutted by the record").

Moreover, Miller has amply demonstrated the factual element underlying his claim of ineffective assistance of counsel where counsel failed to call a crucial alibi witnesses. (Def. Br. 14-17)    The State does not dispute the case law cited for the proposition that trial counsel's failure cannot be explained away by trial strategy because the failure to present exculpatory evidence of which he is aware, including the failure of call witnesses whose testimony would support an otherwise uncorroborated defense, constitutes ineffective assistance of counsel. *See People v. Brown*, 336 Ill. App. 3d 711, 718 (1st Dist. 2002); (Def. Br. 14-15).    Nevertheless, the State claims that trial counsel's decision not to call Thomas was a matter of trial strategy because trial counsel did present an alibi defense "with the best available evidence such as defendant's own testimony and testimony of Officer Carlos Mitchem." (St. Br. 23)  The State's response misses the mark.  Miller's very argument is that Velma Thomas would have provided the "best evidence available" because it could have corroborated Miller's testimony. Thomas was available and present in the courtroom but counsel failed to call her. Instead, trial counsel attempted to elicit the same information from Mitchem but was completely unsuccessful when the trial court sustained the State's objections on hearsay

grounds. (R. 145-7)

Miller has demonstrated the gist of a claim of ineffective assistance of counsel and, as a *pro se* first-stage petitioner, need not demonstrate prejudice. *People v. Shevock*, 353 Ill. App. 3d 361, 365 (4th Dist. 2004). Nevertheless, contrary to the State's claim (St.Br.23-24), Miller has amply demonstrated that he was prejudiced by counsel's failure to call a crucial alibi witnesses. (Def. Br. 17-18) *People v. Bates*, 324 Ill.App.3d 812 (1st Dist. 2001) is instructive on this point.

In *Bates*, the defense attorney had information regarding a potential witness who would have corroborated the defendant's story at trial. This information, while not contained in an affidavit signed by the witness, was presented to the trial court by post-conviction counsel in a motion for a continuance filed by post-conviction counsel. Thus, when the defendant in his post-conviction appeal raised a claim of ineffective assistance of trial counsel based on trial counsel's failure to call the witness to testify at trial, there was enough supporting documentation in the record to excuse the defendant's failure to attach an affidavit from the witness to his *pro se* post-conviction petition. *People v. Bates*, 324 Ill.App.3d 812, 815 (1st Dist. 2001) Similarly, in the present case, Miller alleged that his trial attorney was ineffective for failing to call Velma Thomas who would have been able to corroborate Miller's testimony that he was working for her on the day of the burglary and could not have burglarized the house. This information is found in the record. Prejudice resulting from trial counsel's failure to call Thomas is also apparent from the record as his unsuccessful attempts to elicit the same information from Mitchem prevented the trial court from considering corroborating alibi evidence.

Moreover, this error was of such a magnitude that post-trial counsel should have noted this in his post-trial motion for a new trial. Post-trial counsel was ineffective for

failing to do so. (Def. Br. 17)  The State responds that this claim is procedurally

defaulted where Miller failed to include the issue in his post-conviction petition.  (St. Br.

24)  In considering whether Miller stated the gist of a constitutional claim, the petition is

to be taken as true and liberally construed.  *People v. Edwards*, 197 Ill. 2d 239, 245

(2001).  A *pro se* petitioner need not set forth the claim in its entirety and only needs to

present a limited amount of detail.  *Edwards*, 197 Ill.2d at 244.  The standard for a *pro se*

petition is so minimal because *pro se* petitioners are often people of limited education.

*People v. Dredge*, 148 Ill. App. 3d 911 (4th Dist. 1986).  A *pro se* defendant "will, in all

likelihood, be unaware of the precise legal basis for his claim or all of the legal elements

of that claim."  *Edwards*, 197 Ill.2d at 244.  Although Miller's claim may not have been

as artfully drawn as the State would like, he provided documents in support of his claim,

which is unrebutted by the record.  Thus, Miller's claim that post-trial counsel was

ineffective for failing to argue ineffective assistance of counsel on the basis of trial

counsel's failure to call Thomas was not waived.

Finally, the State suggests that this Court review the merits of Miller's claims.

However, during the review of a dismissal of a first stage of a post-conviction petition,

the appellate court reviews *de novo* whether Miller has stated the gist of a constitutional

claim.  *People v. Coleman*, 183 Ill.2d 366, 388 (1998).  Thus, it would be inappropriate

to evaluate the merits of his claim at this point.  It must be emphasized that Miller's

post-conviction petition was denied at the first stage of review.  In order to survive

summary dismissal, a petitioner need only present *a simple statement* that presents the

gist of a constitutional claim.  *People v. Edwards*, 197 Ill. 2d 239 (2001); *People v.

Dredge*, 148 Ill. App. 3d  911 (4th Dist. 1986) (emphasis supplied).  To set forth the gist

of a constitutional claim, the post-conviction petition need only present *a limited amount*

*of detail*, and hence need not set forth the claim in its entirety. *Edwards*, 197 Ill. 2d at

244 (emphasis supplied). The issue, therefore, is not whether trial counsel can ultimately

justify his decision to not call Velma Thomas on strategic grounds. The court has not

been called upon yet to address the issue. Thus, because Miller sufficiently raised the

gist of a constitutional claim, the trial court erred in dismissing his post-conviction

petition without appointing an attorney. Accordingly, this court should reverse the

dismissal and remand the case for second stage review.

**II.    Robert Miller stated the gist of a meritorious constitutional claim that trial and post-trial counsel were ineffective for failing to investigate two exculpatory witnesses and that appellate counsel was ineffective for failing to raise this issue on direct appeal.**

The State repeats many of the points made in argument I to address Miller's claims of ineffective assistance of counsel for failing to investigate exculpatory evidence. For the following reasons, the State's arguments are not persuasive.

Relying on *People v. Collins*, 202 Ill.2d 59 (2002), the State again claims that Miller's failure to attach affidavits from the two exculpatory witnesses renders his petition substantively defective. (St. Br. 27-28) First, the State does not suggest how an incarcerated defendant is supposed to gain access to exculpatory witnesses who were never investigated by trial or post-trial counsel. In *Collins*, the Supreme Court recognized the unreasonable burden the requirement to attach affidavits, records or other evidence places on *pro se* post-conviction petitioners, such as Miller, and explained that the purpose of the rule was to require a petitioner to provide documentation supporting the allegations in the petition in order to show that the allegations are brought in good faith and that they are capable of objective or independent verification. *People v. Collins*, 202 Ill.2d 59, 67 (2002). In this case, Miller's claims of ineffective assistance of counsel are supported by evidence within the trial record and the documents attached to his petition. This documentation demonstrates that Miller is bringing this claim in good faith, and that it is capable of objective or independent verification. Thus, Miller's petition addresses the concerns expressed by the *Collins* Court. Additionally, Miller's claim is that of ineffective assistance of counsel. It is well established that Miller is not required to procure an affidavit from counsel alleging his own ineffectiveness. *See*

*People v. Williams*, 47 Ill.2d 1, 4 (1970).

Notably, in *Boclair*, the Illinois Supreme Court effectively overruled the first-stage affidavit requirement set forth in *Collins*. *See People v. Boclair*, 202 Ill. 2d 80 (2002) (McMorrow, J., specially concurring). Stating that *Collins* conflicts with *Boclair* "at every significant point in its analysis" as well as with the policy concerns expressed by the *Boclair* majority, Justice McMorrow articulated in her special concurrence that *Boclair* overrules *Collins sub silentio* as the more recent of the two conflicting opinions. *Boclair*, 202 Ill. 2d at 123, 127.

According to both Justice McMorrow and the *Boclair* majority, the trial court must consider only whether a petition is frivolous or patently without merit pursuant to 725 ILCS 5/122-2.1 of the Act, and should not consider procedural compliance, in determining whether a *pro se* post-conviction petition is subject to summary dismissal. *Boclair*, 202 Ill. 2d at 100, 102, 123. The affidavit requirement discussed in *Collins* is a procedural requirement found in 725 ILCS 5/122-2 of the Act, a section that the *Boclair* court deemed inapplicable to first stage post-conviction proceedings. *Id.* at 124. Thus, *Boclair* does not allow the trial court to dismiss a *pro se* post-conviction petition at the first stage for the reasons found in section 122-2. In the instant case, however, the State argues that this Court should rely solely on section 122-2 in affirming the dismissal of Miller's post-conviction petition at the first stage for lack of "affidavits, records, or other evidence."

*Boclair*, by reaffirming the holding of the pre-*Collins* decision in *People v. Edwards*, 197 Ill. 2d 239 (2001), further undermined the viability of the *Collins* holding. In *Edwards*, the Illinois Supreme Court emphasized the minimal nature of the burden on a *pro se* petitioner in raising the gist of a meritorious constitutional claim. *Edwards*

made it clear that the appropriate focus at the first stage is the substance of petitioner's claims. As noted above, the *Boclair* majority was in agreement with *Edwards* that the first-stage focus should be on the substance of the claims, not on procedural compliance. *Boclair*, 202 Ill. 2d at 102.

Addressing the merits of Miller's claim, the State contends that Miller's claims are rebutted by the record and are patently without merit. (St. Br. 31-36)  The State maintains that "the defendant failed to show that "Gupta" and "Thompson" would testify that the man they saw running through their backyards was not defendant or that the man they saw running was the offender." (St. Br. 31)  The State's argument apparently fails to grasp the argument presented in Miller's opening brief. (Def. Br. 21-25)  Miller was near Velma Thomas' house at the time of the burglary, about a half mile away. (C. 21, PC. 61-62)  His defense at trial was alibi and misidentification.  The information provided by "Gupta" and "Thompson" supported Miller's theory that the true offender got away.  Both "Gupta" and "Thompson" saw a man running from the direction of the burglarized house, and provided the same description as given by Jennifer Alexander. "Gupta" also reported that the man was bleeding from his head.  This head wound could have been explained by the struggle with Richard Alexander.

The State discounts this evidence as immaterial, and counters that the description given by "Gupta" and "Thompson" was vague. (St. Br. 32)  Miller agrees.  However, it is the same description given by Jennifer Alexander.  The State fails to explain why this description, when provided by Alexander, is adequate to support the conclusion that Miller is the offender, but insufficient, when provided by "Gupta" and "Thompson," to suggest that the true offender got away.  Contrary to the State's claim, Miller is not required to establish at first-stage post-conviction proceedings that this evidence is

-12-

dispositive of Miller's innocence.  (St. Br. 32)  Miller need only state the gist of a claim

that trial and post-trial counsel was ineffective for failing to investigate these witnesses

and appellate counsel was ineffective for failing to raise this issue on appeal.  Miller has

done so and this Court must reverse and remand the cause for second-stage proceedings.

    The State claims that Miller failed to establish that trial counsel's decision to not

investigate two exculpatory witnesses was not merely trial strategy.  (St. Br. 33)  The

State ignores the case law cited by Miller that establishes that in order to be effective,

trial counsel has a duty to conduct both factual and legal investigations on behalf of his

client.  *People v. Morris*, 3 Ill. 2d 437, 452 (1954); *People v. Montgomery*, 327 Ill. App.

3d 180, 185 (1st Dist. 2001).  *See also People v. Plummer*, 344 Ill. App. 3d 1016, 1023-

1024 (1st Dist. 2003) (petitioner presented gist of constitutional claim where he asserted

ineffective assistance of counsel for trial counsel's failure to investigate).  A criminal

defendant's right to a fair trial is violated by trial counsel's failure to investigate and

present favorable witnesses, especially where the witnesses are known to trial counsel

and their testimony may be exonerating.  *People v. Coleman*, 183 Ill. 2d 366, 398 (1998).

Failure to present a known exculpatory witness supporting an otherwise uncorroborated

defense may be deemed ineffective.  *People v. King*, 316 Ill. App. 3d 901, 913 (1st. Dist.

2000).  (Def. Br. 21-22)  Indeed, "not every decision of counsel, no matter how

misguided, may be swept under the boundless rug of 'trial strategy,' and thereby become

sacrosanct."  *People v. Levesque*, 256 Ill.App.3d 639, 644 (1st Dist. 1993).

    For similar reasons, the State further contends that Miller's claim of ineffective

assistance of post-trial counsel cannot stand.  First, the State claims that this petition is

waived, because it was not presented in Miller's post-conviction petition.  Miller clearly

alleged ineffective assistance of trial and appellate counsel.  While attorneys may

recognize that post-trial counsel performs a distinct function from trial and appellate counsels, an unassisted *pro se* petitioner in Miller's position likely would not understand this distinction. Indeed, post-trial counsel performed the same functions as trial counsel in that he was able to perform independent investigation and performed some appellate counsel functions in that he was able to review trial counsel's performance. Thus, as Miller alleged he was provided with ineffective assistance of counsel by both his trial and appellate counsel, it is clear that these claims were meant to include post-trial counsel. Moreover, as argued in argument I above, the petition is to be taken as true and liberally construed. *People v. Edwards*, 197 Ill. 2d 239, 245, 757 N.E.2d 442 (2001). A *pro se* petitioner need not set forth the claim in its entirety and only needs to present a limited amount of detail to meet the gist standard. *Edwards*, 197 Ill.2d at 244. Although Miller's claim may not have been as artfully drawn as the State would like, his claim is supported by the record.

The State further contends that Miller's claim that post-trial counsel was ineffective for failing to investigating "Gupta" and "Thompson" is rebutted by the fact that post-trial counsel alleged in his motion for a new trial that trial counsel was ineffective for failing to investigate and call "Gupta" and "Thompson." (St. Br. 34) Once again, the State fails to follow through on the logic of Miller's argument, resulting in a failure to fully address Miller's claim. Post-trial counsel clearly saw the importance of investigating these two exculpatory witnesses when post-trial counsel identified and introduced Exhibit A, the police incident report that includes information provided by "Gupta" and "Thompson," yet post-trial counsel failed to follow through and investigate the witnesses himself. The State would have this Court note that post-trial counsel alleged that trial counsel was ineffective for failing to investigate the two exculpatory

-14-

witnesses, yet excuse post-trial counsel for failing to do the same. Such a finding would be illogical and contrary to the law.

The State makes the same argument with respect to appellate counsel. The State claims that Miller has failed to demonstrate that he was prejudiced by appellate counsel's failure to raise this issue on appeal, especially in light of the fact that appellate counsel did challenge the identification of Miller as the offender. (St. Br. 35-36) Once again, this is precisely the point. The theme of Miller's *pro se* post-conviction petition is that trial, post-trial and appellate counsel each identified the key issues in the case and problems with the State's evidence, yet each attorney failed to fully address these issues. It cannot be said that it is enough for an attorney to throw out an argument and "hope it sticks," when there is additional evidence available to that attorney that would support and strengthen the original argument.

It is important to note that at this stage of the proceedings, Miller is not asking for ultimate post-conviction relief. He is not even asking for an evidentiary hearing. Instead, because this is only the first stage, Miller is simply asking for appointment of counsel to assist him in developing his claims. *See People v. Reyes*, 2006 Ill. App. LEXIS 1132, *39 (1st Dist. December 11, 2006) ("at the first stage, as in the case at bar, the petitioner is not seeking a new trial. Rather, he is seeking only to advance to the second stage of the proceeding, where he may have the assistance of counsel, if necessary, and the State may file responsive pleadings."). Given firmly-established law that a petitioner need not articulate a fully-developed claim in order to survive summary dismissal, Miller's *pro se* post-conviction petition has met the requirements to survive summary dismissal and should be remanded for further post-conviction proceedings. *Edwards*, 197 Ill.2d at 244-245; *see also Reyes*, 2006 Ill. App. LEXIS 1132 at *40 ("The

first stage of post conviction review presents merely a pleading question.").

## CONCLUSION

For the foregoing reasons, Robert Miller, Petitioner-Appellant, respectfully requests that this Court reverse the summary dismissal and remand the post-conviction petition for second-stage proceedings including the appointment of counsel.


Respectfully submitted,


MICHAEL J. PELLETIER
Deputy Defender

EMILY S. WOOD
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois  60601
(312) 814-5472

COUNSEL FOR PETITIONER-APPELLANT

CERTIFICATE OF COMPLIANCE

I, Emily S. Wood, certify that this brief conforms to the requirements of Supreme Court

Rule 341(a) and (b).  The length of this brief is 17 pages.

EMILY S. WOOD
Assistant Appellate Defender